949 P.2d 203

ISLAND INSURANCE COMPANY, INC., Plaintiff–Appellee,

v.

John M. SANTOS dba Johnny's Plumbing, Defendant–Appellant.

No. 17741.

Intermediate Court of Appeals of Hawai'i.

Nov. 28, 1997.

George W. Ashford, Jr., Ashford & Nakamura, of counsel, and R. Patrick Jaress, Jaress & Raffetto, of counsel, Honolulu, with Shackley F. Raffetto, on the opening brief, Wailuku, on the briefs, for defendant-appellant.

Roy F. Hughes and Deborah S. Jackson, Hughes & Gallagher, of counsel, Honolulu, on the brief, for plaintiff-appellee.

Before BURNS, C.J., and CRANDALL, Circuit Judge, in place of WATANABE, J., Recused, and WONG, Circuit Judge, in place of KIRIMITSU, J., Recused.

BURNS, Chief Judge.

This case involves a dispute between defendant-appellant John M. Santos (Santos), doing business as Johnny's Plumbing, and

plaintiff-appellee Island Insurance Company (Island Insurance), the company that had insured Santos under a commercial general liability policy. Santos appeals the December 20, 1993 Order Denying Defendant's Motion to Set Aside Default Judgment. We vacate and remand with instructions.

## BACKGROUND

### Personal Bankruptcy Action by Santos

On June 19, 1987, Santos filed for Chapter 11 bankruptcy in United States Bankruptcy Court (Bankruptcy Court) in case No. 87–00487. Because Santos did not appear at the meeting of the creditors, the Bankruptcy Court issued an order to show cause. When Santos again failed to appear, the Bankruptcy Court dismissed the bankruptcy case with prejudice on August 28, 1987.

On December 3, 1987, at Santos' request, the Bankruptcy Court issued an Order Vacating the Dismissal of Bankruptcy Proceedings and an Order to Convert the Chapter 11 Proceeding into an Involuntary Chapter 7 Proceeding. However, when Santos failed to file a final report account and a schedule of unpaid debts, the Bankruptcy Court on August 2, 1991 issued an order to show cause. When Santos failed to appear at the scheduled October 16, 1991 hearing, an Order Dismissing Case With Prejudice and Notice Thereof was filed on October 21, 1991.

### Second Circuit Civil No. 90–0230 (Suite by Gouveias

### First Circuit Civil No. 91–2806 (Suit by Island Insurance)

During the period from on or about August 9, 1988 to April 1989, Santos performed construction and plumbing work on the home of Alfred and Mae Gouveia (Gouveias) located at 395 Neki Place in Wailuku, Maui. The Gouveias decided that the work that Santos and others performed was "negligent, substandard, did not conform to the plans and specifications and was in violation of the Maui County Building Code" and on April 20, 1990, commenced Second Circuit Civil No. 90–0230 (Suit by Gouveias) by filing a complaint that asserted the following counts against Santos:

Count 9    Fraud
Count 10   Negligent Misrepresentation
Count 11   Breach of Contract
Count 12   Negligent Performance of Contract
Count 13   Breach of Warranties
Count 14   Breach of Covenant of Good Faith and Fair Dealing
Count 15   Intentional and/or Negligent Infliction of Emotional Distress
Count 21   Punitive Damages
Count 23   Unfair and Deceptive Trade Practices under HRS Sections 444–25.5 and 480–2

Santos was insured by a commercial insurance policy issued by Island Insurance on or about August 20, 1988. When Santos was served with the Gouveias' complaint, he tendered his defense to Island Insurance. Island Insurance hired lawyer Steven Chow (Chow) of the law firm of Fujiyama, Duffy, and Fujiyama to represent Santos in his lawsuit.

Chow alerted the Gouveias' attorney that Santos' bankruptcy case was in progress. Upon a motion filed by the Gouveias, the Bankruptcy Court on February 7, 1991, entered an order granting them relief from the automatic stay.

On August 23, 1991, in First Circuit Civil No. 91–2806 (Suit by Island Insurance), Island Insurance filed its Complaint for Declaratory Relief and Rescission (Island Insurance Complaint) seeking judicial confirmation of its decision that it was not legally obligated to defend Santos in Second Circuit Civil No. 90–0230. The Island Insurance Complaint alleged in relevant part as follows:

7. On or about August 20, 1988, Johnny's Plumbing obtained a new policy of commercial insurance from Island for the plumbing activities of Johnny's Plumbing.

8. In obtaining this commercial policy, Johnny's Plumbing represented his business operations as those of a plumber, and Island relied upon the representation of Johnny's Plumbing as to his operations in computing (a) the acceptance of the risk (Johnny's Plumbing) and (b) the premium to be charged Johnny's Plumbing.

\* \* \*

11. The underlying litigation claims as to Johnny's Plumbing, that Johnny's Plumbing represented himself to be a general contractor and that Johnny's Plumb-

ing acted as the "de facto" general contractor for the construction of an addition to the Gouveia residence.

\* \* \*

WHEREFORE, Island prays that this Court determine and declare as follows:

1. That Island is entitled to a rescission of its contract.

Although the Island Insurance Complaint against Santos was filed two months prior to the October 21, 1991 dismissal of Santos' bankruptcy case, Island Insurance did not seek or obtain an order granting relief from the automatic stay. The Island Insurance Complaint was served on Santos on October 30, 1991, nine days after Santos' bankruptcy case was dismissed.

The failure of Santos to plead or respond in the Suit by Island Insurance resulted in the Entry of Default Against Defendant Johnny M. Santos DBA Johnny's Plumbing being filed on December 4, 1991. At the May 12, 1992 hearing on Island Insurance's April 9, 1992 Motion for Default Judgment, Santos' failure to appear resulted in the June 10, 1992 Order Granting Default Judgment stating in relevant part as follows:

> Default Judgment is granted and ordered in this action with this Court further determining and declaring the subject insurance contract rescinded and that [Island Insurance] owes neither coverage nor defense to John M. Santos dba Johnny's Plumbing in Civil No. 90–0230(2), in the Circuit Court of the Second Circuit, State of [Hawai'i].

The corresponding Default Judgment Against Defendant John M. Santos dba Johnny's Plumbing as to All Claims was entered on October 14, 1992.

On September 21, 1992, in the Suit by Gouveias, the circuit court entered an order granting Chow's motion to withdraw as counsel for Santos.

On November 16, 1992, in the Suit by Gouveias, Santos failed to appear at the scheduled trial and, on November 27, 1992, the circuit court entered Judgment in Favor of Plaintiffs and Against John M. Santos DBA Johnny's Plumbing in relevant part as follows: "[S]pecial damages for fraud of $208,789.00, general damages for intentional infliction of emotional distress of $50,000.00, prejudgment interest on special and general damages (March 1988 through 1992) of $120,772, punitive damages of $100,000.00 and costs of $8,238.00 for a total Judgment in the amount of $487,799.00."

On October 12, 1993, in the Suit by Island Insurance, Santos filed a motion to set aside the October 14, 1992 default judgment. The Order Denying Defendant's Motion to Set Aside Default Judgment was entered on December 20, 1993. Santos appeals this order.

## POINTS ON APPEAL ASSERTED BY SANTOS

1. In light of the bankruptcy automatic stay that was in effect when the Suit by Island Insurance was commenced by the filing of the Island Insurance Complaint,[1] the October 14, 1992 default judgment in favor of Island Insurance is void and the circuit court erred in failing to set it aside pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(4) (1980).[2]

2. The circuit court abused its discretion in failing to set aside the October 14, 1992 default judgment under HRCP Rule 60(b)(3) as it was obtained through fraud, misrepresentation and misconduct.

3. The circuit court erred in ruling that Santos did not satisfy the three prong test of *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549

---

1. Hawai'i Rules of Civil Procedure Rule 3 states that "[a] civil action is commenced by filing a complaint with the court."

2. The Hawai'i Rules of Civil Procedure Rule 60(b) states in relevant part as follows:
   **Rule 60   Relief From Judgment or Order.**
   \* \* \*
   (b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void[.]

P.2d 1147 (1976), in failing to set aside the October 14, 1992 default judgment under HRCP Rule 60(b)(1) and in deciding that Santos' default was willful and inexcusable.

4. The circuit court erroneously concluded that all rules in HRCP Rule 60, subsections 1 through 6, must be satisfied in order to set aside a default judgment.

## RELEVANT STANDARD OF REVIEW

"The function of an appellate court in an appeal from the trial court's refusal to set aside a default judgment is to determine whether the district court failed to set aside a void judgment or abused its discretion." *Richardson v. Lane*, 6 Haw.App. 614, 622, 736 P.2d 63, 69 (1987) (citation omitted, quotation marks omitted).

## DISCUSSION

### Point No. 1

On October 12, 1993, in the Suit by Island Insurance, Santos moved to set aside the October 14, 1992 default judgment entered against him in favor of Island Insurance. Santos pointed out that Title 11 United States Code (U.S.C.) § 362(a)(1) (1994) states that the filing of a petition for bankruptcy operates as a stay of

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

■ The first question is whether the Suit by Island Insurance is an "action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case.]" 11 U.S.C. § 362(a)(1); *see, In re Grynberg*, 113 B.R. 709, (Bkrtcy.D.Colo.1990), *aff'd* 966 F.2d 570 (10th Cir.1992). Santos contends that the answer is yes because Island Insurance "knew that SANTOS was acting as a general contractor as well as a plumbing contractor, before and after the insurance policy was

issued and additionally, SANTOS' contractor's license clearly denoted that he was licensed to do both plumbing and general contracting." Island Insurance contends that the answer is no because the insurance policy in question was issued and Santos' work for the Gouveias occurred after the commencement of Santos' bankruptcy case. We agree with Island Insurance.

■ Nevertheless, another provision of the Bankruptcy Code is relevant and dispositive. Title 11 U.S.C. § 362(a)(3) states that the filing of a bankruptcy petition operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" *Id.*

The bankruptcy automatic stay was in effect until October 21, 1991. Island Insurance commenced the Suit by Island Insurance against Santos on August 23, 1991, while the bankruptcy automatic stay was in effect. Admittedly, everything else that happened in the case, including the service of process, the December 4, 1991 Entry of Default Against Defendant John. M. Santos DBA Johnny's Plumbing, the June 10, 1992 Order Granting Default Judgment, and the October 14, 1992 Default Judgment Against Defendant John M. Santos dba Johnny's Plumbing as to All Claims, happened after the bankruptcy proceedings had been terminated and the stay was no longer in effect. However, in the absence of the Island Insurance Complaint, there is no case.

"As a general rule, actions taken in violation of the automatic stay are void and without effect, even if the entity that violated the stay had no knowledge or notice of the filing of the bankruptcy petition or of the automatic stay." 9A Am.Jur.2d *Bankruptcy* § 1544 at 390 (1991). In this case Chow, the counsel for Island Insurance, knew of the bankruptcy petition and the automatic stay.

However, there is some disagreement among federal courts whether actions commenced during the life of the bankruptcy automatic stay are (a) unconditionally void or (b) void absent explicit discretionary retroactive annulment of the automatic stay by the bankruptcy court. Thus, in *Schulz v.*

*Holmes Transp., Inc.,* 149 B.R. 251 (Bankr. D.Mass.1993), the bankruptcy court did a comprehensive review of case law regarding the status of actions taken in violation of the automatic stay.

The following precedent supports the conclusion that such actions are void *ab initio:*

> Under 11 U.S.C. § 362, the filing of a petition under Title 11 stays any proceeding against the debtor.... The stay created by § 362 is an automatic statutory stay. Actions taken in violation of the stay are void and without effect. Acts done in violation of the stay are void *ab initio* regardless of lack of knowledge of the filing of the petition.

*Id.* at 254, *quoting In re Advent Corp.,* 24 B.R. 612, 614 (Bankr.1st Cir.1982) (internal quotations and citations omitted).

The following precedent supports the conclusion that such actions are void unless and until relief from the stay is thereafter obtained.

> In ... *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5 Cir., 1989), the Court ... noted that there was precedent for the position that acts taken in violation the stay were not void *ab initio* but rather voidable[3] if relief from the stay was not thereafter obtained. The court cited three cases which typify this point of view, holding that actions in violation of a stay are merely voidable and thus, capable of discretionary cure by action of the bankruptcy court.
>
> The Fifth Circuit in the *Sikes* case, after comparing the two lines of authority, concluded the better rule is that the actions are voidable rather than void. The Court noted that the bankruptcy court had inherent powers, given to it by Congress, to *annul* (as opposed to merely terminating) an automatic stay, pursuant to 11 U.S.C. § 362(d)[.]

*Schulz,* 149 B.R. at 255 (citations omitted, emphasis in original, footnote added). Thus, it has been concluded that "[j]udicial actions and proceedings, as well as extra judicial acts, in violation of the automatic stay are

generally void and without legal effect unless countenanced by the court in which the chapter 11 petition is pending." *Interstate Commerce Comm. v. Holmes Transp. Inc.,* 931 F.2d 984, 987–88 (1st Cir.1991) (citations omitted).

■■■ We agree with the court in *Schulz* that it is within the power of the bankruptcy courts to retroactively annul a bankruptcy automatic stay so as to validate action previously taken in violation of the automatic stay. However, we also agree with the court in *Schulz* "that any exercise by the bankruptcy court of its power to annul and thereby validate acts taken in violation of the stay must be explicit." *Schulz* at 258. The resulting question is whether the bankruptcy court in Santos' bankruptcy case explicitly retroactively annulled the automatic stay and thereby validated the filing of the Island Insurance Complaint. The answer is no. The issue was never presented to or considered by the bankruptcy court.

Alternatively, Island Insurance contends that the automatic stay is not applicable in the present case because its insurance policy is not considered to be "property." It cites the following precedent:

> The primary purpose of an automatic stay subsequent to the filing of a bankruptcy petition is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors secured and unsecured ... thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. [citations omitted].
>
> [And while] the scope of the automatic stay is undeniably broad, it does not serve to stay all actions involving the bankrupt party. Rather, the reach of the automatic stay is limited by its purposes.

*Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12, 13–14 (N.D.Cal.1989).

■■■ The question is whether an insurer's duty to defend and/or duty to provide insurance coverage is considered "property" of a debtor's estate. Under 11 United States

---

**3.** In our view, the use of the word "voidable" is misleading because it erroneously suggests that the party in bankruptcy has a choice in the matter.

Code Service § 541(a)(1), "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

Under the weight of authority, insurance contracts have been said to be embraced in this statutory definition of "property." For example, even the right to cancel an insurance policy issued to the debtor has uniformly been held to be stayed under section 362(a)(3). A products liability policy of the debtor is similarly within the principle; it is a valuable property of the debtor, particularly if the debtor is confronted with substantial liability claims within the coverage of the policy in which case the policy may well be, as one court has remarked in a case like the one under review, "the most important asset of [the debtor's] estate[.]"

*In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 519 (9th Cir.1986) (citations omitted). The court in *In re Minoco Group of Companies, Ltd.* reasoned that "the insurance policies protect against diminution of the value of the estate." *Id.* Therefore, we conclude that the insurance contract is "property of the estate" and the commencement of the Suit by Island Insurance violated the automatic stay.

*Points Nos. 2, 3, and 4*

We conclude that Points Nos. 2, 3, and 4 are without merit.

CONCLUSION

Accordingly, in First Circuit Civil No. 91–2806–08, we (1) vacate the December 20, 1993 Order Denying Defendant's Motion to Set Aside Default Judgment; the December 4, 1991 Entry of Default Against Defendant John M. Santos DBA Johnny's Plumbing, the June 10, 1992 Order Granting Default Judgment, and the October 14, 1992 Default Judgment Against Defendant John M. Santos dba Johnny's Plumbing as to All Claims; and (2) remand for further proceedings consistent with this opinion.

On remand, the circuit court shall afford plaintiff-appellee Island Insurance Company a reasonable time in which to seek from the bankruptcy court an explicit discretionary retroactive annulment of the automatic stay. If that request is granted, the circuit court shall re-enter the vacated orders *nunc pro tunc.* If that request is denied, or no request is made, the circuit court shall dismiss this Civil No. 91–2806.