**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000437
16-FEB-2023
08:10 AM
Dkt. 54 ORD**

NOS. CAAP-19-0000437 & CAAP-19-0000658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MTGLQ INVESTORS, L.P., Plaintiff-Appellee, v.
WILLIAM HALEMANO FREDERICK, Defendant-Appellant,
and
UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY
OF NORTH CAROLINA; FEDERAL HOME LOAN MORTGAGE
CORPORATION, Defendants-Appellees,
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1439-09 (JHC))


ORDER
(By: Wadsworth and McCullen, JJ., and
Hiraoka, Presiding Judge, concurring in part separately)

Upon consideration of the February 6, 2023 Notice of Defendant-Appellant William Halemano Frederick's [(**Frederick**)] Chapter 7 Bankruptcy Case (**Notice of Bankruptcy Case**), filed by Plaintiff-Appellee MTGLQ Investors, L.P. (**MTGLQ**), the papers in support, and the record, it appears that:

(1) On January 25, 2023, this court entered a Summary Disposition Order (**SDO**) in this appeal;

(2) On February 6, 2023, MTGLQ filed the Notice of Bankruptcy Case, which notified this court (for the first time) that Frederick filed a Chapter 7 bankruptcy petition on October 13, 2022.

(3) The filing of a bankruptcy petition stays the "commencement or continuation . . . of a judicial . . .

proceeding against the [bankruptcy] debtor" during the pendency of the bankruptcy case."  11 U.S.C. § 362(a)(1).  It also operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"  11 U.S.C. § 362(a)(3).  The filing of the petition triggers the automatic stay, notwithstanding the lack of actual notice of commencement of proceedings.  In re Sumpter, 171 B.R. 835, 841-42 (Bankr. N.D. Ill. 1994).

(4) The court did not receive notice of Frederick's bankruptcy until after it entered the SDO in this appeal. Nevertheless, the SDO is void.  See Island Ins. Co. v. Santos, 86 Hawai'i 363, 366, 949 P.2d 203, 206 (App. 1997) (holding that actions taken in violation of the automatic stay are void and without effect, even if the entity that violated the stay had no knowledge or notice of the filing of the bankruptcy petition or of the automatic stay, although the bankruptcy court could retroactively annul the stay and validate actions that violated the stay); Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 195, 268 P.3d 443, 448 (App. 2011) ("A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (quoting In re Genesys Data Techs, Inc., 95 Hawai'i 33, 38, 18 Pl3d 895, 900 (2001))).

(5) Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 54(b) states in part:  "If any party has knowledge of a bankruptcy action that stays an appeal, including when a party files for bankruptcy while an appeal is pending, the party with knowledge shall immediately file a notice of bankruptcy with the appellate court."  (Emphasis added.)  The parties appearing in this appeal did not fully comply with HRAP 54(b).  Frederick filed no notice of bankruptcy in this court.  MTGLQ did not file the Notice of Bankruptcy Case in this appeal until February 6, 2023, over three months after the Chapter 7 bankruptcy petition was filed and twelve days after entry of the SDO.  The parties are strongly cautioned that any future failure to fully comply with HRAP 54(b) may result in sanctions.

Therefore, IT IS HEREBY ORDERED that the January 25, 2023 Summary Disposition Order is rescinded.

DATED:  Honolulu, Hawaiʻi, February 16, 2023.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

**HIRAOKA, J., CONCURRING IN PART**

I concur that our January 25, 2023 Summary Disposition Order must be rescinded because it violates the automatic bankruptcy stay even though we had no actual notice that Frederick had filed a bankruptcy petition on October 13, 2022.

I write separately because judicial resources that could have been allocated to disposing of other pending appeals were wasted because of MTGLQ's failure to immediately file a notice of Frederick's bankruptcy.  Instead of a strong caution, I would issue an order to show cause why MTGLQ should not be sanctioned for violating Hawaiʻi Rules of Appellate Procedure Rule 54(b).[1]

/s/ Keith K. Hiraoka
Presiding Judge

---

[1]  The automatic bankruptcy stay would preclude issuance of a similar order to show cause to Frederick.