**SECURITY PACIFIC MORTGAGE CORPORATION,**
Plaintiff–Appellee, v. **GODFREY HAUKAP MILLER;
JOEL STANFORD LEE, ROY JOSEPH REIMAN;
MILLER, REIMAN, LEE JOINT VENTURE,** a Wisconsin
Joint Venture, Defendants–Appellants, and **ASSOCIATION
OF APARTMENT OWNERS OF HARBOUR RIDGE,**
Defendant–Appellee, and **JOHN DOES 1–20, MARY DOES
1–20, DOE PARTNERSHIPS 1–20,** and **DOE CORPORA-
TIONS AND OTHER ENTITIES 1–20,** Defendants

(CIV. NO. 84–1536)

**SECURITY PACIFIC MORTGAGE CORPORATION,**
Plaintiff–Appellee, v. **PETER ZAMA,** Personal Representa-
tive of the Estate of Godfrey Haukap Miller, deceased; **JOEL
STANFORD LEE; ROY JOSEPH REIMAN; MILLER,
REIMAN, LEE JOINT VENTURE,** a Wisconsin Joint Ven-
ture, Defendants–Appellants, and **VERONA MILER,
SUSAN LEE, ROBERTA REIMAN; ASSOCIATION OF
APARTMENT OWNERS OF HARBOUR RIDGE;
UNITED STATES OF AMERICA; DIRECTOR OF
TAXATION OF THE STATE OF HAWAII,** Defendants–
Appellees, and **JOHN MATEIALOHA PHILIP; JOHN
DOES 1–20, MARY ROES 1–20, DOE PARTNERSHIPS
1–20,** and **DOE CORPORATIONS AND OTHER ENTI-
TIES 1–20,** Defendants

(CIV. NO. 84–1834)

**SECURITY PACIFIC MORTGAGE CORPORATION,**
Plaintiff–Appellee, v. **GODFREY HAUKAP MILLER;
JOEL STANFORD LEE; ROY JOSEPH REIMAN;
MILLER, REIMAN, LEE JOINT VENTURE,** a Wisconsin

Joint Venture, Defendants–Appellees, and **KEITH MICHAEL VIEIRA, DAVID MILTON VIEIRA, JOHN DOES 1–20, MARY ROES 1–20, DOE PARTNERSHIPS 1–20**, and **DOE CORPORATIONS AND OTHER ENTITIES 1–20,** Defendants

(CIV. NO. 84–1535)

NO. 13451

NOVEMBER 27, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellants (Miller–Reiman–Lee) appeal from the Amended Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Sale, Directing Distribution of Proceeds, and for Deficiency Judgment, entered against them on February 17, 1988, and from the Deficiency Judgments entered on May 5, 1988.

Because we find that the trial court's Order Granting Summary Judgment and for an Interlocutory Decree of Foreclosure, entered on July 24, 1986, was an appealable final order inasmuch as it conclusively determined Appellee's (Security Pacific) right to secure deficiency judgments, and in view of Miller–Reiman–Lee's failure to appeal the Order in timely fashion pursuant to Rules 3 and 4(a)(1), Hawaii Rules of Appellate Procedure (HRAP), the appeal must be dismissed for lack of appellate jurisdiction.[1]  *Independence Mortgage Trust v. Glenn Constr. Corp.*, 57 Haw. 554, 560 P.2d 488 (1977) (per curiam); *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549 P.2d 1147 (1976).

I.

In 1984, Security Pacific filed three complaints (which were later consolidated) seeking, *inter alia*, cancellation of certain Agreements of Sale, foreclosure and sale of the subject properties, and a determination of their right to collect deficiency judgments.

Security Pacific moved for summary judgment seeking a deficiency judgment in Civil No. 85–1835 after the property was sold

---

[1] The use of the term "Interlocutory Decree of Foreclosure" had no bearing upon the finality of the order. *Independence Mortgage Trust v. Glenn Constr. Corp.*, 57 Haw. at 555, 560 P.2d at 489.

privately, and summary judgment in Civil Nos. 84–1536 and 84–1834, seeking foreclosures and deficiency judgments. For some inexplicable reason, Civil No. 85–1535 was handled by Judge Richard Au and the latter two were handled by Judge Philip Chun. However, for the purpose of this appeal, we need not concern ourselves with Judge Au's order since we hold that Judge Chun's earlier order controls all three suits.

Judge Chun's earlier order, issued July 24, 1986, granted summary judgment, ordered the appointment of a commissioner and outlined the requirements of the foreclosure sale. The Order also gave Security Pacific the right to obtain deficiency judgments:

> If the proceeds of sale shall not be sufficient to pay all amounts which are valid claims or liens of Plaintiff [Security Pacific], judgments in favor of Plaintiff may be entered against Defendant Buyer [Miller–Reiman–Lee], jointly and severally, for the amount of such deficiencies.

Besides the deficiency amounts, the only other matters which the Order left for further hearings were the confirmation of the sale, the determination of fees and costs owed to the commissioner and Security Pacific, the disposition of the apartment owners' claims and liens, and the distribution of the proceeds of the sale.

## II.

Before we can examine the other questions raised on appeal, we need to examine the question whether Judge Chun's order was a final appealable order.

The right of appeal is had only when granted by constitutional or statutory provision. *International Savs. & Loan Ass'n v. Woods*, 69 Haw. 11, 731 P.2d 151 (1987). Hawaii Revised Statutes (HRS) § 641–1(a) (1985 Replacement) provides that appeals as of right are allowed in civil actions from "all final judgments, orders, or decrees of circuit . . . courts . . . to the supreme court or to the

intermediate appellate court, except as otherwise provided by law."

We have frequently observed that "a final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree." *In re Castle*, 54 Haw. 276, 278, 506 P.2d 1, 3 (1973). "When the order, judgment or decree finally determines the right of the parties as to the controversy, or some material portion thereof, and provides the means of carrying the order, judgment or decree into effect it is final." *Honolulu Athletic Park, Ltd. v. Lowry*, 22 Haw. 733 (1915). In other words, if the order is a final determination on the merits, leaving only its administration and enforcement, the order is final and appealable despite that ministerial duties incident to it remain to be performed. *See* 9 J. Moore, *Federal Practice* ¶ 110.08[1], at 118 (2d ed. 1973).

We have employed this rule to hold that in cases involving mortgage foreclosures, a judgment of foreclosure and order of sale is final and appealable although it contains provisions for the determination of matters incident to its administration and for disposition of the proceeds of the sale. *MDG Supply, Inc. v. Diversified Invs., Inc.*, 51 Haw. 375, 463 P.2d 525, *reh'g denied*, 51 Haw. 479, 463 P.2d 525 (1969), *cert. denied*, 400 U.S. 868 (1970); *Powers v. Ellis*, 55 Haw. 414, 520 P.2d 431 (1974).

The final judgment rule leads us to conclude that Judge Chun's order of July 24, 1986, granting summary judgment and providing for deficiency judgments, was final and appealable. The order clearly disposed of the material issues in the case, leaving for later proceedings only the usual administrative tasks common to foreclosure cases. Specifically, the issue of Security Pacific's right to recover deficiency judgments was completely and finally adjudicated; all that remained was for the trial court to enter deficiency judgments upon the filing of an affidavit by counsel. Miller–

Reiman–Lee's failure to appeal the July 24, 1986 Order was therefore fatal to appellate jurisdiction.

Miller–Reiman–Lee relies on *Hoge v. Kane I*, 4 Haw. App. 146, 663 P.2d 645 (1983). In *Hoge v. Kane I*, the Intermediate Court of Appeals held that, with rare exceptions, foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders. The court observed that the thirty–day period of HRAP Rule 4(a) for filing notice of appeal of the decree of foreclosure and order of sale begins to run on the day the order is filed. The time for appealing all other orders, the court found, begins to run upon the entry of the last of the series of orders which collectively embrace the entire controversy: "In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment." Id. at 247, 663 P.2d at 647. Miller–Reiman–Lee argues that since the only matter at issue on appeal is Security Pacific's right to a deficiency judgment, the appeal from the Deficiency Judgment entered May 5, 1988, vested this court with jurisdiction.

We read *Hoge v. Kane I* differently. The appellants in *Hoge* complained only of the price received at auction and the resulting deficiency amount levied against them under the deficiency judgment. They prayed for an order for a new sale or a determination of fair market value, and a redetermination of the deficiency. *See Hoge v. Kane II*, 4 Haw App. 533, 539, 670 P.2d 36, 39 (1983). The deficiency judgment in that case was "the last order which embrace[d] the entire controversy" because the amount of deficiency was at issue, not the appellee's right to receive it. This is not the case here. Miller–Reiman–Lee's dispute is with Security Pacific's right to obtain deficiencies, and thus it should have appealed the order that finally settled that issue.

We believe any other holding would run contrary to the purpose of the finality doctrine, which is to avoid "piecemeal

litigation," *Powers v. Ellis*, 55 Haw. at 417, 520 P.2d at 433 (quoting *Catlin v. United States*, 324 U.S. 229, 233–34 (1945)). In order to grant Miller–Reiman–Lee's requested relief, we would have to set aside the original order of deficiency incorporated in Judge Chun's July 24, 1986 Order. While Miller–Reiman–Lee's timely appeal from the Deficiency Judgments would entitle it to challenge errors "unique to it," such as an erroneous upset price or miscalculation of deficiency, *see Powers v. Ellis*, 55 Haw. at 417, 520 P.2d at 433, it does not permit it to challenge Security Pacific's entitlement to deficiency so long after that right was adjudicated.

We addressed this issue in *Independence Mortgage Trust v. Glenn Construction Corp.*, 57 Haw. 554, 560 P.2d 488 (1977) (per curiam), in which we stated that this court's jurisdiction is limited to review of issues within the parameters of the orders from which timely appeal is taken. *Id.* at 556, 560 P.2d at 489–90. We cited with approval the analysis in 9 *Moore's Federal Practice* ¶ 110.14[1] (1975):

> Decisions may be necessary ... after the time for appeal from the final judgment has expired. The final judgment rule does not preclude review of such decisions. ...
>
> ... Of course, appeals from such [post-judgments] [sic] orders do not permit an attack on the underlying judgment if it is then final ... [because the time for appeal has expired].

*Independence Mortgage Trust*, 57 Haw. at 556, 560 P.2d at 490 (emphasis omitted).

We hold today that where an appellant challenges the right of a party to obtain a deficiency judgment in a foreclosure case, he must take his appeal in a timely fashion from the order which finally determined the right to a deficiency. If, on the other hand, he challenges the amount of deficiency awarded in the deficiency judgment, he is entitled to take his appeal from "the last of the series of orders which collectively embrace the entire contro-

versy," ***Hoge v. Kane I***, which in that case would be the deficiency award.

Accordingly, Miller–Reiman–Lee's appeal is dismissed.

*Patricia K. Wall (Alexander C. Marrack* with her on the brief; Reinwald, O'Connor, Marrack, Hoskins & Playdon, of counsel) for Defendants–Appellants.

*Debra A. McHugh (William H. Gilardy, Jr.,* and *Michiro Iwanaga* with her on the brief; Burke, Sakai, McPheeters, Bordner & Gilardy, of counsel) for Plaintiff–Appellee.