5 P.3d 454 (2000)
93 Hawai`i 464
INTERNATIONAL SAVINGS AND LOAN ASSOCIATION, LIMITED, a Hawai`i corporation, Plaintiff-Appellee,
v.
Abelardo Cobangbang CARBONEL; Felomina Alagao Carbonel; Virgilio C. Carbonel, Defendants-Appellants, and
Commercial Credit Corporation (Hawai`i) fka Servco Financial Corp.; John Does 1-50; Jane Does 1-50; Doe Partnerships 1-50; Doe Corporations 1-50; Doe "Non-Profit" Corporations 1-50; and Doe Governmental Units 1-50, Defendants.
No. 22226.
Intermediate Court of Appeals of Hawai`i.
May 18, 2000.
Reconsideration Denied June 16, 2000.
*456 Gary Victor Dubin, on the briefs, Honolulu, for defendants-appellants.
James E.T. Koshiba, Honolulu, and Lisa Anne Gruebner (Koshiba Agena & Kubota), on the briefs, for plaintiff-appellee.
BURNS, C.J., WATANABE, and ACOBA, JJ.
Opinion of the Court by ACOBA, J.
We hold that when a promissory note provides for joint and several liability, not all borrowers on the note are required to be joined under Hawai`i Rules of Civil Procedure (HRCP) Rule 19(a) or Rule 19(b) in an action to enforce the note. Similarly, we hold that a guarantor of a promissory note secured by a mortgage is not required to be joined as a party under HRCP Rule 19 in a mortgage foreclosure action. Thus, the absence of a co-borrower or guarantor does not deprive a trial court of jurisdiction over co-borrowers who were parties to an action to enforce a promissory note and for foreclosure of the mortgage of even date, or deprive such co-borrowers of due process of law. The co-borrowers on the note, therefore, would not be entitled to relief under HRCP Rule 60(b)(4) on the grounds that prior orders or judgments were void.
Furthermore, we hold that a party who has not objected to inadmissible evidence at a summary judgment proceeding or filed a timely appeal from such a judgment has failed to demonstrate "extraordinary circumstances" required under HRCP Rule 60(b)(6) to obtain relief from a judgment.
Applying the foregoing propositions, we conclude the first circuit court (the court) properly denied the motion for HRCP Rule 60(b)(4) and (6) relief filed by Defendants-Appellants Abelardo Cobangbang Carbonel (Abelardo) and Felomina Alagao Carbonel (Felomina), mortgagors in the foreclosure action brought by mortgagee, Plaintiff-Appellee International Savings and Loan Association (Lender). Therefore, we affirm the court's December 22, 1998 order granting in part and denying in part the HRCP Rule 60(b) motion of Abelardo, Felomina, and Defendant-Appellant Virgilio C. Carbonel (Virgilio) (collectively, Defendants).

I.

A.
On or about January 31, 1995, Defendants obtained a loan for $304,700 from Lender. All three Defendants signed an Adjustable Rate Note (the note) as "co-borrower." The note, dated January 31, 1995, stated in pertinent part:
If more than one person signs [the note], each person is fully and personally obligated to keep all the promises made in [the note], including the promise to pay the full amount owed.... The [n]ote [h]older may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under [the note].

(Emphasis added.) As security for the note, Abelardo and Felomina executed a mortgage on their property at 94-345 Kahuawai Street, Waipahu, Hawai`i (the property). Because Virgilio did not own any interest in the property, he was not a mortgagor thereof. Unlike the note itself, however, the mortgage document indicated that Virgilio was a guarantor of the promissory note. The mortgage provided in pertinent part as follows:

AND [Virgilio], unmarried, of Waipahu, City and County of Honolulu, State of Hawaii ("Guarantor") in order to induce *457 [Lender] to make the aforesaid loan to [Abelardo and Felomina], does hereby guarantee the payment of the promissory note of even date herewith and does hereby guarantee the full and faithful performance and observance of all the terms, conditions and covenants contained herein and on the part of [Abelardo and Felomina] to be observed and/or performed including, without limitation, the payment of any other obligations and advances that now are or hereafter may be or become owing, directly or contingently, by [Abelardo and Felomina] to [Lender], on any and every account, whether or not the same are mature, and whether or not Guarantor has endorsed any of the notes which have been executed by [Abelardo and Felomina] to [Lender].
(Emphasis added.)
Defendants defaulted under the note and a foreclosure action was commenced in the court on February 28, 1997. On or about March 5, 1997, Lender's counsel retained Deputy Sheriff Anthony T. Shannon (Shannon) to serve Lender's complaint and summons on Defendants.
According to his declaration, on March 6, 1997, Shannon went to the property to serve the complaint and summons. When he arrived at the property, a young adult male answered the door. Shannon related in his declaration that he asked the male whether Defendants were present. At that time, Felomina came to the door and identified herself. Shannon asked Felomina if she resided on the property and she answered in the affirmative. He then asked her whether Abelardo and Virgilio also lived there, and she again answered affirmatively. Shannon then handed Felomina three certified copies of the complaint. According to Shannon, Felomina did not indicate that Virgilio was living elsewhere. The "Return and Acknowledgment of Service," filed on March 13, 1997 by Shannon, stated he served "[Abelardo and Virgilio] by leaving a certified copy at their usual place of abode in the presence of [Felomina,] a person of suitable age and discretion then residing there. [Abelardo and Virgilio] COULD NOT BE FOUND."
On April 2, 1997, Lender filed its motion for summary judgment and interlocutory decree of foreclosure. Defendants did not file any opposition to the motion or appear at the hearing. Accordingly, on June 24, 1997 the court entered its findings of fact, conclusions of law, and order granting Lender's motion for summary judgment as to all claims and all parties, an interlocutory decree of foreclosure, and an order of sale. On the same day, in accordance with HRCP Rules 58[1] and 54(b),[2] the court entered judgment on the order granting summary judgment in favor of Lender (the June 24, 1997 judgment). The property was sold to Lender at a public auction held on September 29, 1997 for $225,000. There were no other bids for the property.
A hearing to confirm the sale was set for November 6, 1997. The sale was confirmed by an August 3, 1998 order granting Lender's motion for confirmation of sale and distribution of proceeds and for deficiency judgment (order confirming sale).[3] Defendants did not appeal the June 24, 1997 judgment or the order confirming sale.

B.
On January 30, 1998, Felomina commenced an action in the United States District Court for the District of Hawai`i (the district court) claiming that Lender violated certain provisions of 15 United States Code §§ 1601 et *458 seq. (Supp.1999), commonly referred to as the "Truth in Lending Act" and 12 Code of Federal Regulations 226 (Supp.2000), commonly referred to as "Regulation Z." Felomina sought rescission of the note and cancellation of the lien created by the mortgage.
Lender filed a motion for summary judgment in the district court action, arguing that the validity of the note and mortgage had already been adjudged in the state court foreclosure action and the action, therefore, was barred by the doctrine of res judicata. Felomina, who filed the complaint pro se, retained counsel to appear at the hearing. Despite being granted additional time to oppose Lender's motion, no opposition was filed.
The district court granted Lender's motion, finding that Felomina's claims were precluded by res judicata. The district court entered its order on May 27, 1998, and its judgment on June 2, 1998. Felomina filed a notice of appeal to the Ninth Circuit Court of Appeals on July 2, 1998, but the appeal was dismissed on November 6, 1998 for failure to perfect the appeal.

II.
The sale of the property to Lender closed on August 28, 1998. On September 25, 1998, a deficiency judgment was entered against Defendants. On September 28, 1998, Defendants filed a HRCP Rule 60(b) motion seeking to vacate all prior orders, decrees, judgments, and writs, or for a stay pending appeal alleging, inter alia, Abelardo and Virgilio were not properly served and the orders and judgments were not supported by admissible evidence in the motion for summary judgment. On the same day, a two-week stay on the writ of possession was granted by the court. On October 13, 1998, the court granted an order extending the stay on the writ until October 30, 1998.
Defendants' HRCP Rule 60(b) motion was assigned for hearing on October 28, 1998. Defendants rested their motion on HRCP Rule 60(b)(4) and (6), which state in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his [or her] legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.
At the hearing, the court found that service on Abelardo and Felomina was valid and that service of process on Virgilio was invalid. The court granted Defendants' motion for Rule 60(b) relief with respect to Virgilio, and set aside all orders, judgments, decrees and writs against him. The court also ruled, however, that Virgilio was not an "indispensable" party to the foreclosure action and, consequently, the orders and judgments entered against Abelardo and Felomina were not vacated.
Residents of the property vacated the premises on or about November 3, 1998. The order granting in part and denying in part the HRCP Rule 60(b) motion was entered on December 22, 1998. Defendants appealed from that order.

III.
Defendants raise two points on appeal. First, they argue that the court committed reversible error in denying their HRCP Rule 60(b)(4) motion to set aside all of the court's prior orders, judgments, decrees and writs as to them because it lacked personal jurisdiction over Virgilio. Defendants claim the denial violated HRCP Rule 4(d)(1)[4] as to Virgilio, HRCP Rule 19(a) as to Defendants; and *459 due process rights in article I, section 5 of the Hawai`i State Constitution[5] and the Fifth and Fourteenth Amendments of the United States Constitution[6] as to Defendants.
Second, Defendants contend that the court committed reversible error in denying their HRCP Rule 60(b)(6) motion to set aside all of the court's prior orders and judgments because the summary judgment evidence regarding amounts due and owing was inadmissible hearsay. They declare the denial violated HRCP Rule 56(e);[7] Hawai`i Rules of Evidence (HRE) Rules 801(3) (1993)[8] and 802[9] (1993); and due process under article I, section 5 of the Hawai`i State Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

IV.

A.
We first analyze Defendants' argument that the court erred in denying their HRCP Rule 60(b)(4) motion, based on their assertion that the court lacked personal jurisdiction over Virgilio.
We note, initially, that the alleged defects claimed in Defendants' motion for Rule 60(b)(4) relief were not raised during the foreclosure proceeding. However, this is excusable under the rule because absent exceptional circumstances, there is no time limit on a Rule 60(b)(4) attack on a judgment. See Calasa v. Greenwell, 2 Haw.App. 395, 398, 633 P.2d 553, 555 (1981) ("Except in exceptional situations, there is no time limit on an attack on a judgment as void."); see also 11 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2862, at 324-25 (2d ed.1995) (construing the corresponding Federal Rule of Civil Procedure Rule 60(b)(4) by stating that "there is no time limit on an attack on a judgment as void.... A void judgment cannot acquire validity because of laches on the part of a judgment debtor.")

B.
Defendants argue that the court's lack of personal jurisdiction over Virgilio precluded it from rendering any orders or judgments against Abelardo and Felomina because Virgilio was a necessary and indispensable party to the foreclosure action. Lender asserts that the note provided for joint and several liability[10] of the co-borrowers and, *460 thus, it was entitled to pursue collection of the debt from any one or more of the borrowers. Because, according to Lender, this option was available to it, Virgilio was not an indispensable party to the action, judgment against Abelardo and Felomina was all that was required, and Lender was authorized to sell the property mortgaged for the debt. Since Virgilio had no interest in the property, Lender argues Virgilio was not an indispensable party to the foreclosure proceeding.
We note, initially, that as indicated supra, it is unclear from the record whether Virgilio was a co-borrower on the promissory note or its guarantor. However, we consider both possibilities in determining whether Virgilio was an indispensable party under HRCP Rule 19. HRCP Rule 19 provides in pertinent part as follows:
(a) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his [or her] absence may (A) as a practical matter impair or impede his [or her] ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his [or her] claimed interest. If he [or she] has not been so joined, the court shall order that he [or she] be made a party. If he [or she] should join as a plaintiff but refuses to do so, he [or she] may be made a defendant, or, in a proper case, an involuntary plaintiff.
(b) Determination by court whenever joinder not feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party. the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court, include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him [or her] or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
(Emphases added.)
Pursuant to Rule 19(a)(1), a party must be joined if feasible if relief cannot be afforded among those already parties. Rule 19(a)(2)(A) provides that a person must be joined if feasible if the person has an interest in the subject matter of the action and disposition of the case in his or her absence may impair his or her ability to protect that interest or, under Rule 19(a)(2)(B), leave any of the persons already parties subject to the risk of multiple or inconsistent obligations because of the interest.
In the event a party must be joined under Rule 19(a), but joinder is not feasible, the inquiry shifts to whether a party is indispensable under Rule 19(b). We addressed indispensability under Rule 19(b) in GGS Co. v. Masuda, 82 Hawai`i 96, 919 P.2d 1008 (App.1996). We said, there, that the four factors listed in HRCP Rule 19(b)
are in no way exclusive. Moreover, the rule does not state the weight each factor should be given. Rather, a court should consider all of the factors and employ a functional balancing approach. Because of the flexibility of the "equity and good conscience" test and the general nature of the factors listed in HRPP [sic] Rule 19(b), whether a particular non-party described in Rule 19(a) will be regarded as indispensable depends to a considerable degree on the circumstances of each case.
Id. at 105, 919 P.2d at 1017 (citations omitted).

C.
Defendants argue that Virgilio, as a co-borrower, is a necessary and indispensable *461 party to the foreclosure action.[11] They maintain it is unjust to allow Lender to join some, but not all of the co-borrowers in the foreclosure action because it would lead to, inter alia, confusing results and a waste of judicial resources. In support of this statement, Defendants cite a number of cases from other jurisdictions without explaining their applicability to the present case. Those cases did not involve joint and several liability, which we believe is pivotal on this issue.
Paragraph 9 of the note provides that each borrower is responsible to pay the entire amount owed. It states that "[t]he [n]ote [h]older may enforce its rights under this note against each person individually or against all [Defendants] together. This means that any [of the Defendants] may be required to pay all of the amounts owed under [the note]."[12] Under this language, Defendants specifically contracted to allow Lender to proceed against any co-borrower without proceeding against all of them in the foreclosure action.[13] Accordingly, the note provided for joint and several liability.
Assuming Virgilio was a co-borrower, he is not a party required to be joined under Rule 19(a)(1) because, pursuant to the joint and several liability clause, complete relief can be granted Lender without joining him in the action. Under Rule 19(a)(2), although Virgilio may claim an interest relating to the subject matter of the action if he is determined to be a co-borrower, failure to join him does not impair or impede his ability to protect his interest under Rule 19(a)(2)(A), because the finding that Abelardo and Felomina were liable on the note did not adjudicate Virgilio's liability. Accordingly, his interests were not adversely affected. Finally, Virgilio need not be joined under Rule 19(a)(2)(B) because the failure to join Virgilio did not subject Abelardo and Felomina to the risk of incurring multiple obligations. The note itself already established each of them was liable for the entire debt. Virgilio's *462 presence would not change that aspect of their liability.
Alternatively, if Virgilio were found to be a party who must be joined in the action under Rule 19(a) but was not, we conclude that he was not an indispensable party under Rule 19(b). We do not believe that "equity and good conscience" necessitated his joinder for the action to have proceeded. As discussed supra, the failure to join Virgilio was not prejudicial to the other Defendants or to him in any way because of the joint and several nature of the note. Accordingly, the factor of protective provisions to lessen prejudice would not be applicable. Third, judgment rendered would be adequate even in the absence of Virgilio, because Lender would be legally entitled to recover entirely from the parties in the action. Employing "a functional balancing approach," we conclude that Virgilio was not an indispensable party for the purposes of Rule 19(b). Therefore, we need not consider what Lender's remedy would have been in the event of dismissal.

V.
Similarly, if Virgilio was considered a guarantor of the promissory note, he would not be an indispensable party to the action on the note. A guarantor is secondarily liable on the note and undertakes to pay only if the debt cannot be collected from the principal obligor. See Schweitzer v. Fishel, 13 Haw. 690, 691 (1901) (comparing a guarantor to a surety by stating that "the obligation of [a guarantor] is secondary, while that of [a surety] is primary. A guarantor undertakes to pay if by due diligence the debt cannot be collected of the principal, while a surety is bound equally and absolutely with the principal and is a debtor from the beginning."). Additionally, a guarantor's liability is separate from the contractual obligation of the borrower. See State ex rel. Ameron, Inc. v. Tradewinds Elec. Serv. & Contracting, Inc., 80 Hawai`i 218, 223, 908 P.2d 1204, 1210 (1995) ("A guarantee is distinguishable from other forms of surety contracts in that it is a separate, independent contract between the guarantor and the creditor-obligee and is collateral to the contractual obligation between the creditor-obligee and the principal-obligor.")
Virgilio need not be joined under Rule 19(a)(1) because relief can be provided Lender by pursuing Abelardo and Felomina on the note. There are no facts to indicate Lender sought any action on the guaranty. Under Rule 19(a)(2), Virgilio has only an inchoate interest in the subject matter of the action because his liability is secondary to that of Abelardo and Felomina. Therefore, failure to join him does not impair or impede his ability to protect his interest under Rule 19(a)(2)(A); the finding that Abelardo and Felomina were liable on the note did not adjudicate Virgilio's liability. Finally, Virgilio need not be joined under Rule 19(a)(2)(B) because the failure to join him did not subject Abelardo and Felomina to the risk of incurring multiple obligations. Virgilio's presence would not affect their liability.
Alternatively, if Virgilio were found to be a party who must be joined in the action under Rule 19(a) but was not, we conclude, likewise, that he was not an indispensable party under Rule 19(b). In our view "equity and good conscience" did not necessitate his joinder in the action for it to proceed. As discussed above, the failure to join Virgilio would not be prejudicial to the other Defendants or to him in any way because as a guarantor, his interests were not directly affected by the foreclosure action. Thus, protective provisions to lessen prejudice are not relevant. Additionally, judgment rendered without Virgilio would be adequate because Lender would be legally entitled to recover entirely from the parties to the action. Weighing these factors, we conclude that Virgilio was not an indispensable party for the purposes of Rule 19(b). Again, as a result, we need not consider what Lender's remedy would have been in the event of a dismissal.
In summary, we conclude that because Virgilio was not a party who must be joined under Rule 19(b), as either a co-borrower on the promissory note or its guarantor, the court properly denied Abelardo and Felomina's Rule 60(b)(4) relief.

*463 VI.
Relatedly, Defendants also argue that the denial of their HRCP Rule 60(b)(4) motion violated their constitutional rights to due process of law. The granting of a Rule 60(b)(4) motion is not discretionary:

The determination of whether a judgment is void is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law.
In re Hana Ranch Co., 3 Haw.App. 141, 146, 642 P.2d 938, 941 (1982) (citation omitted; emphasis added).
Other than general statements, Defendants do not show that the court lacked subject matter jurisdiction over the controversy. Defendants' specific claim for relief under Rule 60(b)(4) was that the court "lacked personal jurisdiction over [Virgilio], who was improperly served by substitute service upon [Felomina] at her residence[.]"
Lender does not argue that service of Virgilio was proper. Assuming the court was correct in finding that it lacked personal jurisdiction over Virgilio, personal jurisdiction over him was not necessary in order to render a valid judgment against Abelardo and Felomina. As we determined above, Virgilio was not required to be joined as a party to the action. Thus, we find no violation of due process on any jurisdictional basis.
Defendants also argue that "improper service to [sic] [Virgilio]" meant "he was effectively defaulted." (Emphasis added). However, Rule 60(b) relief was granted Virgilio and the findings and judgments vacated as against him. Therefore, we find no violation of Rule 60(b)(4) on this due process ground.

VII.

A.
Defendants' second argument on appeal is that the court erred in denying their HRCP Rule 60(b)(6) motion because summary judgment evidence regarding the amounts due and owing was inadmissible hearsay.
Defendants assert that the affidavit of Gary K. Yamashiro (Yamashiro), the real estate manager for Lender, reflected "hearsay contents of his company's record" as to "loan amounts due and owing after a default was entered against [Defendants.]" Defendants' entire argument on this issue is as follows:
Yet, [Lender], in support of its motion for summary judgment, cavalierly supplied the lower court merely with the moving Affidavit solely of Mr. Yamashiro, that not only exhibited certified copies of the lender's general ledger, as required by law, but only referred to what he claimed, albeit under oath, to be the hearsay contents of this company's records that he supposedly sawthe exact type of inadmissible hearsay that the [Hawai`i Supreme Court] in Pacific Concrete [F.C.U. v. Kauanoe, 62 Haw. [334, 336, 614 P.2d 936, 938 (1980)] ("inadmissible and should not have been considered by the circuit court").
(Emphases in original.)
The forementioned statement does not provide discernible argument on this issue. Defendants do not clearly identify the specific portions of Yamashiro's affidavit in the record that constituted hearsay statements. An appellate court need not address matters as to which the appellant has failed to present a discernible argument. Child Support Enforcement Agency, State of Hawai`i v. Doe, 88 Hawai`i 159, 174 n. 20, 963 P.2d 1135, 1150 n. 20 (App.1998); Bank of Hawaii v. Shaw, 83 Hawai`i 50, 52, 924 P.2d 544, 546 (App.1996).

B.
Even assuming that Defendants presented discernible argument, we conclude they are not entitled to HRCP Rule 60(b)(6) relief.[14] *464 Lender points out that Defendants did not object to the evidence or appeal from the June 24, 1997 judgment. Lender declares that "Rule 60(b) may not be used as a means to circumvent the appellate rules." We conclude that Defendants' failure to either object to the admission of the alleged hearsay evidence or to appeal from the court's June 24, 1997 judgment precludes relief under HRCP Rule 60(b)(6).
Admittedly, HRCP "Rule 60(b)(6) empowers the court in its discretion to vacate a judgment whenever that action is appropriate to accomplish justice." Hana Ranch, 3 Haw.App. at 147, 642 P.2d at 942. However,
[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he [or she] has made. A party remains under a duty to take legal steps to protect his [or her] own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However, this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion.
Id. (citation omitted; emphasis added). Thus, generally, a party seeking relief under Rule 60(b)(6) after the time for appeal has run "must establish the existence of `extraordinary circumstances' that prevented or rendered him [or her] unable to prosecute an appeal." Id. "Diligence[, as indicated,] is a prerequisite to relief under [this] rule." Kealoha v. Tanaka, 42 Haw. 630, 637 (1958); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2864 (1973) (holding that no extraordinary circumstances existed for relief under Rule 60(b)(6) because the arguments of inadequate notice or denial of due process to explain the party's failure to respond by the appeal time were not supported by the record); Kealoha, 42 Haw. at 637 (denying the party's application for relief under Rule 60(b)(6) because the party's demand for a new trial was not "fully substantiated by adequate proof"). Hence, in Dillingham Inv. Corp. v. Kunio Yokoyama Trust, 8 Haw.App. 226, 236, 797 P.2d 1316, 1321 (1990), a quiet title action, this court affirmed the lower court's denial of the party's motion for relief under HRCP Rule 60(b)(6) because the party's failure to respond to the complaint was attributable to "inexcusable neglect" and "wilful act."
In the present case, we fail to discern any "extraordinary circumstances" which precluded Defendants from raising their evidentiary objections. The June 24, 1997 judgment was a final, appealable judgment for the purposes of this action.[15] However, as in Hana Ranch, Defendants did not appeal this judgment within the thirty-day period provided in Hawai`i Rules of Appellate *465 Procedure Rule 4(a)(1).[16] No appeal of the judgment was ever filed in the instant case.
Defendants filed their Rule 60(b) motion on September 28, 1998, fifteen months after the June 24, 1997 judgment was entered. Because nothing precluded Defendants from appealing the June 24, 1997 judgment, Defendants clearly failed to take legal steps to protect their own interests. Hence, we conclude the court properly denied in part Defendants' motion for Rule 60(b)(6) relief with respect to Abelardo and Felomina.

VIII.
For the foregoing reasons, the court's December 22, 1998 order granting in part and denying in part Defendants' HRCP Rule 60(b) motion is affirmed.
NOTES
[1] Hawai`i Rules of Civil Procedure (HRCP) Rule 58 provides in relevant part that "[t]he filing of the judgment in the office of the clerk constitutes the entry of the judgment[.]"
[2] HRCP Rule 54(b) provides in pertinent part that

[w]hen more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
[3] The confirmation hearing was continued twice because of Chapter 13 bankruptcy filings by Defendants-Appellants Abelardo Cobangbang Carbonel (Abelardo) and Felomina Alagao Carbonel (Felomina) on October 20, 1997 and April 1, 1998, respectively. Both bankruptcy petitions were ultimately dismissed.
[4] HRCP Rule 4(d) states in pertinent part:

The summons and complaint shall be served together. The plaintiff shall furnish the person making the service with such copies as are necessary. Service shall be made as follows:
(1) Upon an individual other than an infant or incompetent person, (A) by delivering a copy of the summons and of the complaint to him [or her] personally or in case he [or she] cannot be found by leaving copies thereof at his [or her] dwelling house or his [or her] usual place of abode with some person of suitable age and discretion residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive such process.
[5] Article I, section 5 of the Hawai`i State Constitution provides in pertinent part: "No person shall be deprived of life, liberty or property without due process of law[.]"
[6] The Fifth Amendment of the United States Constitution states in pertinent part: "No person ... shall be deprived of life, liberty, or property, without due process of law[.]" The Fourteenth Amendment provides in pertinent part: "[N]or shall any State deprive any person of life, liberty, or property without due process of law[.]"
[7] HRCP Rule 56(e) states:

Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he [or she] does not so respond, summary judgment, if appropriate, shall be entered against him [or her].
[8] Hawai`i Rules of Evidence (HRE) Rule 801(3) (1993) states: "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted."
[9] HRE Rule 802 (1993) states: "Hearsay is not admissible except as provided by these rules, or by other rules prescribed by the Hawai`i [S]upreme [C]ourt, or by statute."
[10] "Joint and several liability" describes "the liability of copromisors of the same performance when each of them, individually, has the duty of fully performing the obligation, and the obligee can sue all or any of them upon breach of performance." Black's Law Dictionary 837 (6th ed.1990). "A liability is joint and several when the creditor may demand payment or sue one or more of the parties to such liability separately, or all of them together at his [or her] option." Id.
[11] In arguing that the court erred in denying their Rule 60(b)(4) relief, Abelardo, Felomina, and Defendant-Appellant Virgilio C. Carbonel (Virgilio) (collectively, Defendants) cite cases for the proposition that co-borrowers are necessary and indispensable parties. Although in the past a distinction had been made between necessary and indispensable parties, such a classification has been eliminated from the rule. As explained by commentators of the Federal Rules of Civil Procedure Rule 19, upon which the HRCP is based,

Rule 19(a) defines those persons who should be joined as parties in the action. Under the pre-1966 version of the rule, these parties would have been characterized as either "necessary" or "indispensable." ... [T]he necessary party label has been eliminated to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action and the term "indispensable" is used in Rule 19(b) only in a conclusory sense. It is important to note that Rule 19(a) embraces all those persons who should be joined, including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b).
7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1604, at 36-37 (2d ed.1986) (emphases added). The commentators explained that "[p]rior to the federal rules, the idea that there were parties without whom a court could not proceedthose labeled indispensableand parties whose presence was desirable and who should be joined if possiblethose known as necessarywas well-established in federal practice." Id. § 1601, at 5. Under the revised rule,
[i]nstead of being concerned with whether past decisions indicate a particular person would be considered "necessary" or "indispensable," Rule 19(a) and Rule 19(b) require the court to consider several factors thought relevant to the initial decision whether an absentee should be joined in the action and to a determination of what consequences should follow if joinder of the absentee is not feasible. Pragmatic considerations are to be controlling.
Id. at 14-15.
[12] Nothing in the Adjustable Rate Note (the note) specifically provides that Plaintiff-Appellee International Savings & Loan Association (Lender) may sue more than one but not all Defendants, as occurred in this case. However, this point is not raised by Defendants.
[13] Additionally, Hawai`i Revised Statutes (HRS) § 490:3-116(a) (1993) specifically provides for joint and several liability. It states in pertinent part: "Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity which they sign." Pursuant to the definitions provided in HRS § 490:3-103 (1993), Virgilio qualifies as a "maker" of the note, or "a person who signs or is identified in a note as a person undertaking to pay."
[14] As discussed, Defendants failed to provide discernible argument on their assertion that the affidavit of Gary K. Yamashiro (Yamashiro) contained hearsay contents of his company records related to the loan amounts due and owing after default. Assumably, Defendants may be contesting paragraph 8 of Yamashiro's affidavit where he states:

8. [Lender] is and continues to be the holder of the [promissory note (note)] and [m]ortgage, and as of February 21, 1997, Defendants are indebted to [Lender] as follows:

 Principal $299,745.41
 Interest to 2/21/97 12,209.24
 Late Fees 708.79
 Escrow 1,659.38
 Expenses 25.00
 __________
 TOTAL $314,347.82

In his affidavit, which was based upon personal knowledge, Yamashiro also mentioned the existence of a note and mortgage, discussed the relevant terms of these documents, and asserted that
Defendants have defaulted in the observance and the performance of the terms, covenants and conditions set forth in the [n]ote and [m]ortgage in that they have failed, neglected and refused to pay the principal sum and interest thereon at times and in the manner provided therein, and are consequently in default.
The affidavit referenced the note and mortgage, which were attached to the motion for summary judgment. Yamashiro did not state the source from which he obtained the loan amounts due and owing to Lender after default. Arguably, Lender should have attached to its motion an exhibit of the company records reflecting this account.
[15] The Hawai`i Supreme Court has explained that it has "employed this rule to hold that in cases involving mortgage foreclosures, a judgment of foreclosure and order of sale is final and appealable although it contains provisions for the determination of matters incident to its administration and for disposition of the proceeds of the sale." Security Pac. Mortgage Corp. v. Miller, 71 Haw. 65, 69, 783 P.2d 855, 857, reh'g denied, 71 Haw. 665, 833 P.2d 899 (1989) (citations omitted).
[16] Hawaii Rules of Appellate Procedure Rule 4(a)(1) provides that

[i]n a civil case in which an appeal is permitted by law as of right from a court ... the notice of appeal required by Rule 3 shall be filed by a party with a clerk of the court ... appealed from within 30 days after the date of entry of the judgment or order appealed from.
(Emphasis added.)