JAMES L. O'CONNOR, Plaintiff-Appellant,
v.
HARTFORD UNDERWRITERS INSURANCE COMPANY/PACIFIC INSURANCE COMPANY, LTD., Defendant-Appellee.
No. 28069
Intermediate Court of Appeals of Hawaii.
December 31, 2008.
On the briefs:
James L. O'Connor, Pro Se Plaintiff-Appellant.
Gary W.K. Au Young, Lor Defendant-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Plaintiff-Appellant James L. O'Connor appeals from the Order Appointing Brenda Hoernig, Esq. as the Arbitrator (Order Appointing Arbitrator) filed on September 1, 2006 in the Circuit Court of the First Circuit (circuit court).[1]
The circuit court entered a judgment in this case on May 12, 1995. O'Connor appealed from the judgment in appeal no. 19092. On May 19, 1997, this court filed an amended summary disposition order (Amended SDO). The Amended SDO noted that O'Connor had moved for an order requiring arbitration, and concluded that "the court should have stayed the action brought by [O'Connor] at that point . . . [and w]hen [O'Connor] failed to name an appropriate arbitrator, the court should have appointed one." The Amended SDO vacated the judgment and instructed the circuit court "to enter an order staying [O'Connor]'s action and to appoint an arbitrator on [O'Connor]'s `behalf' to a threemember arbitration panel, or to appoint a single arbitrator in place of a three-member panel, if agreed to by the parties."
On September 24, 2002, O'Connor filed a Motion for "CAAP" Arbitration, contending that the April 2, 2002 Order of Case Assignment entered by the circuit court put this case into the Court-Annexed Arbitration Program (CAAP). The motion was denied and O'Connor appealed in appeal no. 25595. By Order Dismissing Appeal filed on June 9, 2003, the Hawai'i Supreme Court held that an order denying CAAP arbitration was not an appealable collateral order and therefore O'Connor's appeal was premature.
On August 1, 2005, O'Connor filed a motion for partial summary judgment seeking to stay court proceedings and to put the case into the CAAP. The motion was heard by the circuit court on October 31, 2005, but the transcript from this hearing is not part of the record on appeal. The Order Granting in Part Plaintiff's Motion for Partial Summary Judgment Filed on August 1, 2005 (Summary Judgment Order) was filed on November 15, 2005.[2] The Summary Judgment Order granted O'Connor's request for a stay "pending binding private arbitration (not CAAP arbitration) with a single arbitrator." The order directed O'Connor to provide Defendant-Appellee Hartford Underwriters Insurance Company/Pacific Insurance Company, Ltd.'s (Defendant) counsel with a list of three arbitrators, and for Defendant to celect one of the three as the arbitrator. It also stated that "[b]oth [O'Connor] and Defendant agree to equally pay for the Lees and costs of the single arbitrator." O'Connor filed a notice of appeal on November 23, 2005. The appeal was dismissed tor failure to pay the filing fee on March 22, 2006.
On May 31, 2006, the circuit court entered an Order Re: Arbitration.[3] The Order Re: Arbitration required each of the parties to file a list of no more than three proposed arbitrators by July 15, 2006; the circuit court would select one arbitrator; and each party would be responsible for half of the arbitrator's costs and fees. The circuit court further ordered the proceedings stayed pending the outcome of the private arbitration and that the parties would appear for a status conference on February 12, 2007.
On September 1, 2006, the circuit court entered the Order Appointing Arbitrator which noted that O'Connor had not submitted a list of proposed arbitrators by the July 15, 2006 deadline, although defense counsel had timely submitted a list. The Order Appointing Arbitrator appointed Brenda Hoernig, Esq. as the arbitrator, ordered that the parties each pay 50% of the arbitrator's fees and costs, and stayed the case pending the outcome of the arbitration.
On appeal, O'Connor appears to make the following claims:[4]
1. The American Association of Retired Persons (AARP) should be made a defendant.
2. This case should be in the CAAP.
3. The subject insurance policy is invalid, except for the Declaration, and thus any provisions in the policy regarding arbitration are invalid.
4. The circuit court erred in appointing Hoernig because O'Connor had never agreed to the appointment.
5. The circuit court erred in ordering the parties to share the costs and fees of the arbitrator.
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the relevant law, we resolve O'Connor's points of error as follows:
1. The issue of whether AARP should be made a defendant is not properly before this court at this time. As an order granting a stay of proceedings pending arbitration, the Order Appointing Arbitrator is an appealable collateral order. Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co., 6 8 Haw. 98, 107, 705 P.2d 28, 35 (1985). The scope of review in an appeal from a collateral order is limited to "other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995); see also Security Pac. Mortgage Corp. v. Miller, 71 Haw. 65, 71, 783 P.2d 855, 858 (1989). The issue of whether or not AARP should be a defendant in this case is unrelated to the matters covered by the Order Appointing Arbitrator and therefore is not presently reviewable.
2. The fact that the present appeal is not from a final judgment also prevents a review of the orders denying inclusion of this case into the CAAP. The doctrine of the law of the case prohibits the re-opening of an issue that has already been decided in a prior appeal in the same case. See Weinberg v. Mauch, 78 Hawai'i 40, 47, 890 P.2d 277, 284 (1995); see also Ditto v. McCurdy, 98 Hawai'i 123, 44 P.3d 274 (2002); Cain v. Cain, 59 Haw. 32, 36, 575 P.2d 468, 472-473 (1978).
The Hawai'i Supreme Court previously ruled, in appeal no. 25595, that review of the order denying the motion for the case to be admitted into the CAAP must wait for an appeal from a final judgment, and we are bound by the ruling.
3. O'Connor's argument that the provisions of the insurance policy, including those regarding arbitration, are "invalid" has been waived, since O'Connor fails to state where in the record the alleged error occurred or how it was brought to the attention of the circuit court. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). "Commensurate with the duty to object is the duty to identify where in the record that objection occurred." Onaka v. Onaka, 112 Hawai'i 374, 387, 146 D.3d 89, 102 (2006). In Onaka, the Supreme Court of Hawai'i declined to "canvas the record" to verify whether the appellant "appropriately preserved her points of error on appeal by making a timely objection to the challenged actions," and considered her appellate arguments waived. Id. While this court may notice plain error, HRAP Rule 28(b)(4), we see none here since there is an authenticated copy of the policy in the record.
4. Based on the record before us, the circuit court erred in appointing a single arbitrator. The Amended SDO instructed the circuit court to "enter an order staying Plaintiff's action and to appoint an arbitrator on Plaintiff's 'behalf' to a three-member arbitration panel, or to appoint a single arbitrator in place of a three-member panel, if agreed to by the parties." O'Connor asserts that he never agreed to a single arbitrator. Defendant does not dispute that assertion or cite where in the record O'Connor's agreement is set forth. While the Summary Judgment Order states that the parties "agree" to split the cost of a single arbitrator, it is unclear from the order whether O'Connor agreed in the first instance to have the matter considered by a single arbitrator as opposed to a panel of arbitrators. Moreover, as we noted above, the transcript of the hearing that led to the issuance of the Summary Judgment Order is not in the record, so we are unable to refer to the transcript to confirm the scope of any agreement that may have been reached at the hearing.
Accordingly, because the record does not establish O'Connor's agreement to proceed with one arbitrator, the circuit court's Order Appointing Arbitrator (and the Summary Judgment Order and Order re: Arbitration that preceded it) is not consistent with this court's mandate on remand and must be vacated. State v. Lincoln, 72 Haw. 480, 485, 825 P.2d 64, 68 (1992), cert, denied, 506 U.S. 846, 113 S.Ct. 137, 121 L.Ed.2d 90 (1992) ("It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court.") (citation omitted). While a circuit court may be able to deviate from the mandate if there are changed circumstances, id. at 485, 825 P.2d at 68, the circuit court here aid not find that there has been a change in circumstances.
5. In view of our holding in section 4 above, the question of whether the circuit court correctly split the cost of a single arbitrator between the two parties is moot at this time. Nevertheless, because the issue may come up again on remand, we note that our ruling should not be construed as limiting the circuit court's ability to direct that the cost of a single arbitrator be split on remand, if the parties agree to arbitration before a single arbitrator. The arbitration provisions in the insurance policy provide for the parties to share the cost of arbitration by a three-arbitrator panel, and O'Connor should not be allowed to shift the cost of arbitration completely to Defendant by electing arbitration by a single arbitrator.
Therefore,
IT IS HEREBY ORDERED as follows:
(1) O'Connor's claims on appeal regarding the addition of AARP as a defendant and the inclusion of this case in the CAAP are dismissed without prejudice to the claims being raised on an appeal from a final judgment.
(2) The November 15, 2005 Order Granting in Part Plaintiff's Motion for Partial Summary Judgment Filed on August 1, 2005, the May 31, 2006 Order re: Arbitration, and the September 1, 2006 Order Appointing Brenda Hoernig, Esq. as the Arbitrator are vacated. The circuit court shall enter an order staying O'Connor's action and appointing an arbitrator on O'Connor's behalf to a three-member arbitration panel, or, if the parties agree to arbitration before a single arbitrator, appointing a single arbitrator in place of a three-member panel.
NOTES
[1] The Order Appointing Arbitrator was entered by the Honorable Victoria S. Marks.
[2] The Summary Judgment Order was entered by the Honorable Karen S.S. Ahn.
[3] Judge Marks entered the Order Re: Arbitration. The case had been assigned from Judge Ann to Judge Marks on May 25, 2006.
[4] As pointed out by Defendant in the answering brief, O'Connor's opening brief does not comply with Hawai'i Rules of Appellate Procedure Rule 28 (b) and it is difficult to discern O'Connor's precise issues and arguments. Nevertheless, we adhere to the policy of hearing a case on its merits when possible. Hous. Fin, and Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-1112 (1999)