**\*\*\* NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCAP-15-0000783
10-MAY-2017
08:06 AM**

SCAP-15-0000783

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

RESEARCH INSTITUTE FOR HAWAII.USA
and CHRISTOPHER DAMON HAIG as an individual,
Plaintiffs-Appellants-Cross-Appellees,

vs.

KAY LORRAINE BATE; LINDA HAMILTON KRIEGER, RAYMUND LIONGSON,
KIM COCO IWAMOTO, WALLACE FUKUNAGA, ARTEMIO BAXA,
in their official capacities as Commissioners of the
Hawaiʻi Civil Rights Commission, Department of Labor &
Industrial Relations, State of Hawaiʻi; WILLIAM D. HOSHIJO,
in his official capacity as Executive Director of the Hawaiʻi
Civil Rights Commission, Department of Labor & Industrial
Relations, State of Hawaiʻi; HAWAIʻI CIVIL RIGHTS COMMISSION,
DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS, STATE OF HAWAIʻI,
Defendants-Appellees-Cross-Appellants.

---

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-15-0000783; CIV. NO. 14-1-2014)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J, Nakayama, McKenna, Pollack, and Wilson, JJ.)

Plaintiffs-Appellants-Cross-Appellees Research

Institute for Hawaii.USA (RIHI) and Christopher Damon Haig, as an

individual (Haig) (collectively "Appellants") appeal, and Defendants-Appellees-Cross-Appellants Kay Lorraine Bate (Bate), Linda Hamilton Krieger, Raymund Liongson, Kim Coco Iwamoto, Wallace Fukunaga, and Artemio Baxa, in their official capacities as Commissioners of the Hawaiʻi Civil Rights Commission (HCRC), and William D. Hoshijo, in his official capacity as Executive Director of the HCRC (collectively "Cross-Appellants") cross-appeal the Circuit Court of the First Circuit's (circuit court): (1) October 8, 2015 Order Granting Plaintiff-Appellant Research Institute for Hawaii.USA's Motion for Order Compelling (a) Independent Medical Examination of Kay Lorraine Bate and (b) Production of Dr. Robert Marvit's Expert File ("IME Order"), and (2) October 15, 2015 Case Management Order ("Case Management Order").

On August 26, 2014, following a nine-day contested case hearing, the HCRC issued a final decision and order which found that Appellants had illegally discriminated against Bate on the basis of her religion and her gender, and awarded Bate both legal and equitable relief. On September 24, 2014, Appellants filed, in the circuit court, a petition for appeal and a demand for a jury trial de novo on all of the claims upon which Cross-Appellants sought relief, citing SCI Management Corp. v. Sims, 101 Hawaiʻi 438, 71 P.3d 389 (2003), in support of their

2

entitlement thereto.

On June 10, 2015, Appellants filed a pre-trial motion for an order compelling Bate to undergo an independent medical examination and to produce the expert file of Dr. Robert Marvit (Dr. Marvit) ("Motion for IME"). At the HCRC contested case hearing, Dr. Marvit testified about the emotional injuries Bate had suffered as a result of Appellants' discriminatory acts. Appellants argued that the Motion for IME should be granted because Bate had placed her emotional state in controversy by stating she had suffered emotional and mental distress, Bate did not disclose Dr. Marvit as an expert whom she intended to call until shortly before the originally scheduled contested case hearing date, and Bate did not comply with their request to produce the medical records that supported her emotional distress claims during discovery in preparation for the contested case hearing.

Cross-Appellants responded on July 21, 2015, arguing that the Motion for IME should not be granted because the circuit court did not have the authority to permit additional discovery because the jury trial was an administrative appeal under Hawaiʻi Revised Statutes § 368-16, Appellants already had the opportunity to conduct full discovery in the contested case proceedings, and Cross-Appellants agreed to release Bate's medical records on the

3

condition that Appellants acquiesced to a protective order covering the private information therein.  Appellants did not reply to Cross-Appellants' response.

The dispute concerning the Motion for IME revealed that the parties fundamentally disagreed on the nature and scope of the jury trial.  After the parties briefed their positions on these matters and submitted proposed case management orders, the circuit court filed the IME Order on October 8, 2015, and the Case Management Order on October 15, 2015.

In the IME Order, the circuit court acknowledged that in the HCRC contested case proceedings, Bate belatedly identified Dr. Marvit as an expert witness, and that Appellants may have been prejudiced by their inability to obtain a rebuttal expert.  Accordingly, the circuit court granted Appellants' Motion for IME.  However, the circuit court specifically stated that its ruling was limited to Appellants' singular discovery request.

In the Case Management Order, the circuit court ruled, in pertinent part: (1) the jury trial was to be de novo as to all claims for which legal relief was granted; (2) there would be no further discovery; (3) the evidence to be presented at trial, including witness testimony, was to be limited to the evidence that was presented at the contested case proceeding, and; (4) the parties were only entitled to limited discovery concerning Bate's

4

emotional injuries, and the experts whom they sought to testify thereon, in light of the unique problems that arose out of discovery in the HCRC proceedings.

The parties jointly obtained leave from the circuit court to file interlocutory appeals from the IME Order and the Case Management Order. Appellants and Cross-Appellants filed their appeal and cross-appeal, respectively, in the Intermediate Court of Appeals. The case was thereafter transferred to this court.

On appeal, Appellants argue that the circuit court erred by: (1) finding that Appellants are entitled to a jury trial only on the claims for which legal relief was granted; (2) finding that the parties, in the jury trial, could only present witnesses who had previously testified during the HCRC contested case hearing, and that the testimony of such witnesses shall be limited to the testimony that was given in the HCRC proceedings; (3) finding that the parties may not conduct any further discovery in preparation for the jury trial, and not allowing the parties to introduce evidence beyond that which was contained in the HCRC record; (4) finding that Haig remains a defendant in the jury trial, and; (5) finding that Haig was not permitted to introduce witness testimony and other evidence to rebut the HCRC and Bate's contentions as to Haig's net worth at the time of the

jury trial on the issue of punitive damages.  On cross-appeal, Cross-Appellants contend that the circuit court erred in allowing discovery beyond the administrative record from the contested case proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that the circuit court did not abuse its discretion in the IME Order or the Case Management Order.  Accordingly, we affirm both Orders.

Additionally, Appellants' fourth point of error concerns an issue that exceeds the scope of the present interlocutory appeal.  The circuit court did not rule on whether Haig should remain a defendant in the jury trial in either the Case Management Order or the IME Order.  Accordingly, because the issue of Haig's individual liability was not resolved in the orders from which the parties filed their interlocutory appeals, we lack subject matter jurisdiction to consider the issue at this time.  See Sec. Pac. Mortg. Corp. v. Miller, 71 Haw. 65, 71, 783 P.2d 855, 858 (1989); Riethbrock v. Lange, 128 Hawaiʻi 1, 17-18, 282 P.3d 543, 559-560 (2012).  Therefore,

IT IS HEREBY ORDERED that the circuit court's October 8, 2015 Order Granting Plaintiff-Appellant Research

6

Institute for Hawaii.USA's Motion for Order Compelling (a) Independent Medical Examination of Kay Lorraine Bate and (b) Production of Dr. Robert Marvit's Expert File, and October 15, 2015 Case Management Order are affirmed.

DATED:  Honolulu, Hawaiʻi, May 10, 2017.

| | |
|---|---|
| Bruce D. Voss, Leinaala L. Ley and William F. Sink for Plaintiffs-Appellants-Cross-Appellees | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Margery S. Bronster, Rex Y. Fujichaku, and Derek S. Nakamura for Defendants-Appellees-Cross-Appellants | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

