105 P.3d 1212

CITY BANK, Plaintiff–Appellee,

v.

Gloria Pascua ABAD, individually and as Trustee of the Gloria P. Abad Revocable Trust, Defendant–Appellant, and Artemio Marcos Abad, individually and as Trustee of the Artemio M. Abad Revocable Trust, Jennifer Abad, Felix Pascua; Finance Factors, Limited; Director of Budget and Fiscal Services, City and County of Honolulu, John Does 1–50, Jane Does 1–50, Doe Partnerships 1–50, Doe Corporations, Doe "Non–Profit" Corporations 1–50, and Doe Governmental Units 1–50, Defendants.

and

City Bank, Plaintiff–Appellee,

v.

Artemio Marcos Abad, individually and as Trustee of the Artemio M. Abad Revocable Trust; Gloria Pascua Abad, individually and as Trustee of the Gloria P. Abad Revocable Trust; and Jennifer Abad, Defendants–Appellants, and Finance Factors, Limited; Director of Budget and Fiscal Services, City and County of Honolulu, Defendants–Appellees, and Felix Pascua, John Does 1–50, Jane Does 1–50, Doe Partnerships 1–50, Doe Corporations, Doe "Non–Profit" Corporations 1–10, and Doe Governmental Units 1–50, Defendants,

and

Finance Factors, Limited, Third–Party Plaintiff–Appellee,

v.

American General Finance, Inc., Third–Party Defendant–Appellee, and Erlinda Gonzales and Wilson U. Pascua, individually and doing business as Honland Realty, Third–Party Defendants.

Nos. 25474, 25587, 25693.

Intermediate Court of Appeals of Hawai'i.

Jan. 12, 2005.

Gary Victor Dubin, Honolulu, on the briefs, for Defendant–Appellants Artemio Marcos Abad, Gloria Abad, and Jennifer Abad.

Mitzi A. Lee and Adrianne N. Heely (Hisaka, Stone, Goto, Yoshida, Cosgrove & Ching), Honolulu, on the briefs, for Plaintiff–Appellee City Bank.

Donald K.O. Wong and Philip W. Miyoshi (McCorriston, Miller, Mukai, MacKinnon, LLP), Honolulu, on the briefs, for Defendant–Appellee Finance Factors, Limited.

BURNS, C.J., LIM and NAKAMURA, JJ.

Opinion of the Court by BURNS, C.J.

This is a consolidation of appeal nos. 25474, 25587, and 25693. The Appellants in this case are Defendants Artemio Marcos Abad (Artemio), individually and as trustee of the Artemio M. Abad Revocable Trust, Gloria

Pascua Abad (Gloria), individually and as trustee of the Gloria P. Abad Revocable Trust, and Jennifer Abad (Jennifer). Artemio and Gloria are husband and wife. Defendant Felix Pascua (Pascua) is an appellee.

Appeal no. 25474 was commenced on November 14, 2002, when Gloria filed a notice of appeal from the June 20, 2002 Judgment entered in the Circuit Court of the First Circuit[1] that, in essence, was a decree of foreclosure/order of sale in favor of Plaintiff–Appellee City Bank. Notwithstanding the fact that the judgment stated that it was finalized in accordance with Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b), we dismiss this untimely appeal for lack of appellate jurisdiction.

Appeal no. 25587 was commenced on January 15, 2003 when Artemio, Gloria, and Jennifer filed a notice of appeal from (1) the circuit court's November 14, 2002 oral judgment confirming the foreclosure sales; and (2) the December 24, 2002 order denying their November 14, 2002 HRCP Rule 60(b) motion asking the court (a) to vacate and set aside the March 4, 2002 default judgment and interlocutory decree of foreclosure, "and all subsequent Orders, Judgments, and Writs in this action entered pursuant thereto," and (b) to dismiss "Finance Factors, Limited's Third–Party Complaint In Its Entirety For Lack Of Subject Matter Jurisdiction." We dismiss the appeal of (1) the circuit court's November 14, 2002 oral confirmation of the foreclosure sales. We affirm (2) the December 24, 2002 order denying the HRCP Rule 60(b) motion.

Appeal no. 25693 was commenced on March 14, 2003, when Artemio, Gloria, and Jennifer filed a notice of appeal from the February 12, 2003(1) "Order Granting Defendant and Third–Party Plaintiff Finance Factors, Limited's Motion for Order Approving Report of Commissioner, Confirming Sale of Real Property at Public Auction, Directing Distribution of Proceeds, for a Deficiency Judgment and for Issuance of a Writ of Possession Filed on October 21, 2002," and

---

**1.** Judge Karen N. Blondin presiding.

(2) "Judgment in Favor of Defendant and Third–Party Plaintiff Finance Factors, Limited and Plaintiff City Bank and Against All Other Defendants." We dismiss this appeal for lack of appellate jurisdiction.

## BACKGROUND

Artemio and Gloria owned a residential property at 98–1457 Hoomahie Loop, Pearl City, Hawai'i (the Pearl City Property) and a residential property at 3345 Ala Akulikuli Street, Honolulu, Hawai'i (the Salt Lake Property).

In 1993, Artemio and Gloria obtained a $290,000 loan from Defendant-Appellee and Third–Party Plaintiff-Appellee Finance Factors, Limited (Finance Factors) that was secured by a mortgage on both the Pearl City Property and the Salt Lake Property. Jennifer acted as guarantor for this mortgage.

In 1994, Artemio and Gloria obtained a $500,000 loan from International Savings and Loan Association, Limited (IS & L) that was secured by a mortgage on the Salt Lake Property. Jennifer and Pascua acted as guarantors for this mortgage. In 2000, IS & L merged with and into City Bank. On March 28, 2001, City Bank sought foreclosure of the mortgage on the Salt Lake Property. By way of a cross-claim and a counterclaim, Finance Factors sought foreclosure of the mortgages on the Salt Lake Property and the Pearl City Property. On May 3, 2001, Finance Factors filed a third-party complaint against other actual or possible claimants or interested parties.

On October 2, 2001, Jennifer filed Chapter 13 Bankruptcy Case No. 01–03867 in the United States Bankruptcy Court, District of Hawai'i. This bankruptcy case was dismissed on October 18, 2001.

Some time in 2001, Jennifer filed Chapter 7 Bankruptcy Case No. 01–4564 in the United States Bankruptcy Court, District of Hawai'i. On December 11, 2001, the bankruptcy court entered an Order Dismissing Case With 180–Day Bar to Refiling for Failure to File Required Documents.

On March 4, 2002, the circuit court entered its "Findings of Fact, Conclusions of Law and Order Granting Defendant and Third–Party Plaintiff Finance Factors, Limited's Motion for Default Judgment Against Defendants Artemio Marcos Abad, Individually and as Trustee of the Artemio M. Abad Revocable Trust, Gloria Pascua Abad, Individually and as Trustee of the Gloria P. Abad Revocable Trust, Jennifer Abad and Felix Pascua and Summary Judgment as to All Other Parties and for Interlocutory Decree of Foreclosure as to All Claims and All Parties Filed on May 24, 2001."

Also on March 4, 2002, the court entered a "Judgment in Favor of Defendant and Third–Party Plaintiff Finance Factors, Limited and Against Plaintiff and All Other Defendants," stating, in relevant part, that

default judgment as to Defendants Artemio Marcos Abad, Individually and as Trustee of The Artemio M. Abad Revocable Trust, Gloria Pascua Abad, Individually and as Trustee of The Gloria P. Abad Revocable Trust, Jennifer Abad and Felix Pascua, [and] summary judgment as to all other parties on the cross-claim, counterclaim and Third Party Complaint and an interlocutory decree of foreclosure as to all parties are hereby entered in favor of Defendant and Third–Party Plaintiff Finance Factors, Limited. This Court expressly directs that said Default Judgment, Summary Judgment and Interlocutory Decree of Foreclosure are entered in favor of Factors and against [City Bank] and all other Defendants and Third–Party Defendants as final judgments as there is no just reason for delay pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure.

On June 20, 2002, the court entered its (1) "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment on All Claims and Against All Parties, Interlocutory Decree of Foreclosure and Order of Sale Filed February 6, 2002," and (2) the corresponding judgment that stated that it was finalized in accordance with HRCP Rule 54(b).

On July 1, 2002, Gloria filed a voluntary petition for Chapter 7 bankruptcy in United States Bankruptcy Court, District of Hawai'i, Case No. 02–02358 (Gloria's bankruptcy case). This filing postponed the public auction that had been scheduled to occur at noon on that day.

In Gloria's bankruptcy case, after a hearing on August 7, 2002, the bankruptcy court entered, on August 8, 2002, an order granting Finance Factors' July 11, 2002 motion for relief from the automatic stay of proceedings in the circuit court.

City Bank's answering brief states, in relevant part, as follows:

> On July 19, 2002, CITY BANK filed a Motion with the Bankruptcy Court seeking relief *in rem* from the automatic stay created by Gloria Abad's July 1, 2002 Chapter 7 bankruptcy petition. The Motion was contested, a hearing heard, and on August 21, 2002, the Bankruptcy Court granted CITY BANK's Motion, effective September 4, 2002.

On September 4, 2002, Artemio filed a voluntary petition for Chapter 13 bankruptcy in United States Bankruptcy Court, District of Hawai'i, Case No. 02–03188 (Artemio's bankruptcy case). This Chapter 13 case was converted into a Chapter 7 bankruptcy case on September 17, 2002.

In Gloria's bankruptcy case, after a hearing on August 21, 2002, the bankruptcy court entered, on September 9, 2002, an order granting City Bank's motion for relief from the automatic stay of proceedings in the circuit court.

The public auctions of the Salt Lake Property and the Pearl City Property were held on October 8, 2002.

On October 28, 2002, Artemio's bankruptcy case was dismissed.

At a November 14, 2002 hearing, the court orally confirmed the two foreclosure sales. Later that day, Gloria commenced appeal No. 25474 by filing a notice of appeal from the circuit "court's order granting summary judgment to" City Bank. The order she was referring to was the June 20, 2002 Judgment.

On November 14, 2002, Artemio, Gloria, and Jennifer filed a motion pursuant to HRCP Rule 60(b) asking the court (1) to vacate and set aside the March 4, 2002 default judgment and interlocutory decree of foreclosure, "and all subsequent Orders, Judgments, and Writs in this action entered pursuant thereto," and (2) to dismiss Finance Factors' "Third–Party Complaint In Its Entirety For Lack Of Subject Matter Jurisdiction." In their memorandum in support of motion, Artemio, Gloria, and Jennifer argued, in relevant part, as follows:

> 2. The Finance Factors' mortgage is void and unenforceable because it was made in part with the participation of an unlicensed mortgage broker in the State of Hawaii, . . . .
>
> . . . .
>
> 6. Pursuant to the decision of the Hawaii Supreme Court in *Beneficial Hawaii, Inc. v. Kida*, 96 [Hawai'i] 289, 30 P.3d 895 (2001), mortgage loans in which unlicensed mortgage brokers participate are void and unenforceable as a matter of sound public policy, based upon the Supreme Court's interpretation of Section 454–8 of the Hawaii Revised Statutes, 96 [Hawai'i] at 306–309 [30 P.3d 895].
>
> . . . .
>
> 8. Therefore, as to the Finance Factors' mortgage in this action . . . , it is void and unenforceable pursuant to *Kida* and pursuant to Sections 454–8 and 480–12 of the Hawaii Revised Statutes[.]

The court's December 24, 2002 order denied this motion.

On January 15, 2003, Artemio, Gloria, and Jennifer filed a notice of appeal from the November 14, 2002 oral order and the December 24, 2002 written order and thereby commenced appeal No. 25587.

On February 12, 2003, the court entered its "Order Granting Defendant and Third-party Plaintiff Finance Factors, Limited's

Motion for Order Approving Report of Commissioner, Confirming Sale of Real Property at Public Auction, Directing Distribution of Proceeds, for a Deficiency Judgment and for Issuance of a Writ of Possession Filed on October 21, 2002." Although this order noted that "[a] deficiency judgment shall be entered" in favor of various parties, it nevertheless stated that it was finalized in accordance with HRCP Rule 54(b).

On February 12, 2003, the court entered its "Judgment in Favor of Defendant and Third–Party Plaintiff Finance Factors, Limited and Plaintiff City Bank and Against All Other Defendants." This judgment confirmed the two foreclosure sales. Although deficiency judgments had not yet been entered, this judgment stated that it was finalized in accordance with HRCP Rule 54(b).

On March 14, 2003, Artemio, Gloria, and Jennifer filed a notice of appeal from the February 12, 2003 order and judgment, and thereby commenced appeal No. 25693.

## DISCUSSION

### 1.

■ In this appeal, Artemio, Gloria, and Jennifer contend that

[t]he lower court lacked jurisdiction, pursuant [to] the automatic stay provisions of Section 362 of Ti[t]le 11 of the United States Code and the decision of the Intermediate Court of Appeals ... in *Island Insurance Co., Inc. v. Santos,* 86 [Hawai'i] 363, 949 P.2d 203 (App.1997), to enforce City Bank's mortgage loan when it did, because the public auction took place while there existed an automatic stay upon state court action.

The public auctions were held on October 8, 2002. The automatic stay that allegedly prohibited these public auctions pertained to Artemio's bankruptcy case that commenced on September 4, 2002 and ended on October 28, 2002. This automatic stay existed only if parts of two of the bankruptcy court orders were void. The first part of the bankruptcy

court's August 8, 2002 order entered in Gloria's bankruptcy case after a hearing on August 7, 2002 is as follows:

[I]t is hereby ORDERED THAT:

... [T]he aforesaid Motion is granted, and the automatic stay of 11 U.S.C. 362(a) as imposed against [Finance] Factors with respect to the Debtor, Debtor's Estate, and that certain real property located at 98–1457 Hoomahie Loop, Pearl City, Hawaii, and that certain real property located at 3345 Ala Akulikuli Street, Honolulu, Hawaii (collectively the "Property"), ..., is hereby terminated; and

Further, that [Finance] Factors, its attorney, its agents, any foreclosure commissioner or successor commissioner can proceed to exercise any and all of their rights and remedies with respect to the Property, including but not limited to, foreclosure of [Finance] Factors' Mortgage against the Property and recovery of possession of said Property.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the relief is being granted "in rem" because the Debtor and other persons who claim an interest in the Property have not acted in good faith to reorganize or seek discharge of their debts under the Bankruptcy Code but, rather have used the filing of a bankruptcy case as an obstruction to a lender's efforts to foreclose on mortgaged property. As used herein, "in rem" relief means that the relief from stay is granted not only personally against the Debtor but with respect to the subject property; and shall be deemed binding and of full force and effect in any subsequent bankruptcy case, whether commenced by a debtor in this case or any another [sic] individual or entity claiming an interest in the subject property. This in rem relief shall be effective only until the earlier of (i) 240 days after the date of entry of this order, or (ii) the recovery of possession by a purchaser at a judicial or non-judicial sale upon foreclosure of the subject mortgage.

The second part of the bankruptcy court's September 9, 2002 order entered in Gloria's bankruptcy case after a hearing on August 21, 2002 is as follows:

[I]t is hereby ORDERED THAT:

The aforesaid Motion is granted, and the automatic stay of 11 U.S.C. 362(a) as imposed against City Bank with respect to the Debtor, Debtor's Estate, and that certain real property located at 3345 Ala Akulikuli Street, Honolulu, Hawaii 96818 (hereinafter "Property"), ..., is terminated as of September 4, 2002; and

Further, that as of September 4, 2002, City Bank, its attorneys, its agents, any foreclosure commissioner or successor commissioner can proceed to exercise any and all of their rights and remedies with respect to the Property, including but not limited to, foreclosure of City Bank's Mortgage against the Property and recovery of possession of said Property.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the relief is being granted "in rem" because the Debtor and other persons who claim an interest in the Propeorty [sic] have not acted in good faith to reorganize or seek discharge of their debts under the Bankruptcy Code but, rather have used the filing of a bankruptcy case as an obstruction to a lender's efforts to foreclose on mortgaged property. As used herein, "in rem" relief means that the relief from stay is granted not only personally against the Debtor but with respect to the Property; and shall be deemed binding and of full force and effect in any subsequent bankruptcy case, whether commenced by a debtor in this case or any another [sic] individual or entity claiming an interest in the Property. This in rem relief shall be effective only until the earlier of (i) 240 days after the date of entry of this order, or (ii) the recovery of possession by a purchaser at a judicial or non-judicial sale upon foreclosure of the subject mortgage.

In other words, although Gloria did not appeal the bankruptcy court's August 8, 2002

and September 9, 2002 orders entered in her bankruptcy case, and no one raised this defense in the circuit court, in this appeal, Artemio, Gloria, and Jennifer want this court to conclude that the above-quoted parts of the bankruptcy court's two orders are void.

■ "It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." *International Sav. & Loan Ass'n, Ltd. v. Carbonel,* 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App.2000) (citation omitted).

In a debtor's bankruptcy case, the bankruptcy court is authorized to decide that a debtor-mortgagor should not have the protection of the automatic stay with respect to the mortgaged properties and to terminate it. Thus, the August 8, 2002 order and the September 9, 2002 order are valid as to Gloria and her interest in the mortgage properties. The question is whether Artemio, Gloria, and Jennifer have satisfied their burden on appeal of showing that, on August 8, 2002, and on September 9, 2002, in the bankruptcy case of the debtor-mortgagor-wife (Gloria), the bankruptcy court lacked jurisdiction of the parties or otherwise acted in a manner inconsistent with due process of law. At issue is the bankruptcy court's decision that, if and when the debtor-mortgagor-husband (Artemio) filed for bankruptcy after August 8, 2002, or after September 3, 2002, no automatic stay would apply to the mortgaged properties. If Artemio, Gloria, and Jennifer satisfied their burden, the logical conclusion would be that the automatic stay protected the interest of the debtor-mortgagor-husband (Artemio) in the mortgaged properties during the period commencing on September 4, 2002, when the debtor-mortgagor-husband filed a voluntary petition for Chapter 13 bankruptcy, and ended on October 28, 2002, when the debtor-mortgagor-husband's bankruptcy case was dismissed, and the October 8, 2002 public auctions would have been prohibited. If they did not satisfy their burden, the opposite is true.

We conclude that Artemio, Gloria, and Jennifer did not satisfy their burden on appeal. The sole basis offered by Artemio, Gloria, and Jennifer in support of their position is stated in their "Reply Brief in Response to City Bank's Answering Brief" as follows:

Any application of a bankruptcy court's earlier "in rem" order as to Gloria Abad in her earlier bankruptcy proceeding to others not parties there in such circumstances would clearly be an egregious violation of fundamental due process of law rights, [*In re Snow*, 201 B.R. 968, 971 (Bankr.C.D.Cal. Oct 25, 1996) ]:

Due process considerations, however, prohibit the issuance of an order binding the co-owners: the court has no jurisdiction over them, since they have not been brought before the Court.

. . . .

The reason for denying blanket *in rem* relief—to state the obvious—is because were a court to thus affect the rights of persons not properly before it procedural due process of law would be violated, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 [70 S.Ct. 652, 94 L.Ed. 865] (1950), denying notice and an opportunity to be heard, *Bank of Martin [Marin] v. England*, 385 U.S. 99, 102 [87 S.Ct. 274, 17 L.Ed.2d 197] (1966).

The record of this case, however, does not contain the factual basis necessary to support the legal argument. Nothing in the record of this case shows that Artemio was not a person "properly before" the bankruptcy court in Gloria's bankruptcy case or that he lacked notice and an opportunity to be heard

prior to the bankruptcy court's entry of its August 8, 2002 and September 9, 2002 orders in Gloria's bankruptcy case.

### 2.

■ Artemio, Gloria, and Jennifer contend: [2]

1. The lower court lacked jurisdiction, pursuant to Section 454–8 of the Hawaii Revised Statutes and the decision of the Hawaii Supreme Court in *Beneficial Hawaii, Inc. v. Kida*, 96 [Hawai'i] 289, 30 P.3d 895 (2001), to enforce Finance Factors' mortgage loan through foreclosure, because its mortgage was void and unenforceable due [to] an unlicensed mortgage broker having participated in the making of the loan.

Finance Factors responds that the penalty set forth in HRS § 454–8 does not offer any relief to Appellants because the Mortgage (which is the contract that Appellants are attempting to void) was entered into by Appellants and Finance Factors, and not by the mortgage broker. Therefore, even if the mortgage broker or solicitor who participated in the loan transaction with Appellants was unlicensed, this would not void the Mortgage. HRS § 454–8 does not in any manner provide any right for the Appellants to set aside a contract that is not between the unlicensed broker and Appellants. *Cf. Beneficial Hawaii*, 96 Hawai'i at 313, 30 P.3d at 918 (invalidating mortgage contracts where the unlicensed mortgage broker was a party to such contracts).

We agree with Finance Factors.

### 3.

[The Hawai'i Supreme Court] has previously noted that "foreclosure cases are bi-

---

2. Hawaii Revised Statutes (HRS) Chapter 454 (1993) states, in relevant part, as follows:

§ 454–1 **Definitions.** In this chapter unless the context or subject matter otherwise requires:

. . . .

"Mortgage broker" means a person not exempt under section 454–2 who for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly makes, *negotiates, acquires, or offers to make, negotiate, or acquire a mortgage loan* on behalf of a borrower seeking a mortgage loan.

. . . .

"Mortgage loan" means a loan secured by a mortgage on real property.

. . . .

§ 454–8 **Penalty, contracts void.** Violation of this chapter shall be punishable by a fine of not more than $1,000 or imprisonment of not more than one year, or both. Any contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable.

furcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders." *Security Pacific Mortg. Corp. v. Miller*, 71 Haw. 65, 70, 783 P.2d 855, 857 (1989); see also *Hoge v. Kane*, 4 Haw.App. 246, 247, 663 P.2d 645, 646–47 (1983). A litigant who wishes to challenge a decree of foreclosure and order of sale may—and, indeed, must—do so within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding. See *International Sav. and Loan Ass'n, Ltd. v. Woods*, 69 Haw. 11, 20, 731 P.2d 151, 157 (1987). Additionally, the litigant who does not timely challenge the circuit court's ruling accompanying a foreclosure decree that also determines the mortgagee's right to a deficiency judgment forfeits appellate review of the circuit court's determination of liability for the deficiency judgment, although the litigants may still challenge the amount of the deficiency following subsequent entry of final orders in the proceedings. *Security Pacific*, 71 Haw. at 71–72, 783 P.2d at 858. The rationale for permitting (and requiring) an appeal of a foreclosure decree and its accompanying orders, even though there may be additional proceedings remaining in the circuit court, is that a foreclosure decree falls within that small class of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too

independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *International Sav.*, 69 Haw. at 15, 731 P.2d at 154 (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)) (internal quotations omitted).

*Beneficial Hawai'i, Inc. v. Casey*, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002).[3]

For purposes of appeal foreclosure cases are bifurcated into two, not three or more, separately appealable parts. . . .

The second part includes all other orders. With rare exception, all other orders are appealable upon the entry of the last of the series of orders which collectively embrace the entire controversy. In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment.

*Hoge v. Kane*, 4 Haw.App. 246, 247, 663 P.2d 645, 646–47 (1983) (citations and footnotes omitted).

HRCP Rule 54(b) (2004) states as follows:

**Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the

3. Pursuant to 2003 Haw. Sess. Laws, Act 89, commencing May 27, 2003, HRS § 667–51 states as follows:

**Appeals.** (a) Without limiting the class of orders not specified in section 641–1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:

(1) A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;

(2) A judgment entered on an order confirming the sale of the foreclosed property, if

the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and

(3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

(b) An appeal shall be taken in the manner and within the time provided by the rules of court.

claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

 In light of the precedent quoted above, the November 14, 2002 oral order and February 12, 2003 written order and judgment confirming the two foreclosure sales were not appealable as final because deficiency judgments had not yet been entered. The only "final judgment as to one or more but fewer than all of the claims or parties" in this case is the June 20, 2002 judgment (appeal no. 25474) that, in essence, was a decree of foreclosure/order of sale in favor of City Bank. Only Gloria filed a notice of appeal from that judgment and she did not file it until November 14, 2002. The question is whether her notice of appeal was timely filed "within 30 days after entry of the judgment" on June 20, 2002. Hawai'i Rules of Appellate Procedure Rule 4(a)(1) (2004). If not, we do not have appellate jurisdiction.

Artemio, Gloria, and Jennifer contend that Gloria's November 14, 2002 notice of appeal was timely filed "following the extension of the deadline for filing [Gloria's] notice of appeal as a result of [Gloria's] intervening bankruptcy filings." We assume Artemio, Gloria, and Jennifer are referring to the bankruptcy filings by Gloria and Artemio. These filings, however, are of assistance to Gloria only if the parts of the bankruptcy court's August 8, 2002 order and September 9, 2002 order providing relief from the automatic stay are void. As explained above, we have concluded Artemio, Gloria, and Jennifer have failed their burden of showing that they are void. Therefore, after the entry of these orders, Artemio, Gloria, and Jennifer did not have the benefit of the automatic stay, Gloria's November 14, 2002 notice of appeal from the June 20, 2002 Judgment was filed too late, and we do not have appellate jurisdiction.

## CONCLUSION

Accordingly:

In appeal no. 25474, we dismiss the appeal from the circuit court's June 20, 2002 Judgment.

In appeal no. 25587, from (1) the circuit court's November 14, 2002 oral judgment confirming the foreclosure sales, and (2) the December 24, 2002 order denying the November 14, 2002 HRCP Rule 60(b) motion asking the court (a) to vacate and set aside the March 4, 2002 default judgment and interlocutory decree of foreclosure, "and all subsequent Orders, Judgments, and Writs in this action entered pursuant thereto," and (b) to dismiss "Finance Factors, Limited's Third–Party Complaint In Its Entirety For Lack Of Subject Matter Jurisdiction," we dismiss the appeal of (1) the circuit court's November 14, 2002 oral confirmation of the foreclosure sales, and we affirm (2) the December 24, 2002 order denying the HRCP Rule 60(b) motion.

In appeal no. 25693, we dismiss the appeal from the February 12, 2003(1) Order Granting Defendant and Third–Party Plaintiff Finance Factors, Limited's Motion for Order Approving Report of Commissioner, Confirming Sale of Real Property at Public Auction, Directing Distribution of Proceeds, for a Deficiency Judgment and for Issuance of a Writ of Possession Filed on October 21, 2002, and (2) Judgment in Favor of Defendant and Third–Party Plaintiff Finance Factors, Limited and Plaintiff City Bank and Against All Other Defendants.