BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE fka THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE, Plaintiff-Appellee,
v.
MILAGROS CABULOY BURCENA, SAMUEL CABBAB CABULOY, CECILIA CABBAB CABULOY, SUSAN CABBAB CABULOY, and VICENTE CABBAB CABULOY, JR. Defendants-Appellants, and
VICENTE CABBAB CABULOY, Defendant-Appellee, and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS, CORPORATIONS or OTHER ENTITIES 1-20, Defendants.
No. 28208
Intermediate Court of Appeals of Hawaii.
June 27, 2008.
On the briefs:
Gary Victor Dubin, for Defendants-Appellants.
David E. McAllister, (Pite Duncan, LLP) David B. Rosen, (Law Offices of David B. Rosen, ALC) for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, FOLEY, and NAKAMURA, JJ.
This appeal arises from a foreclosure of a mortgage on property located at 94-1120 Kahuamo Street, Waipahu, Hawaii (hereinafter, the Property). Defendants-Appellants Milagros Cabuloy Burcena, Samuel Cabbab Cabuloy, Cecilia Cabbab Cabuloy, Susan Cabbab Cabuloy, and Vicente Cabbab Cabuloy, Jr., (collectively referred to as the "Appellants")[1] appeal from the Order Granting Plaintiff's Motion to Vacate Stay of Execution and for Re-issuance of Writ of Possession (Order Vacating Stay) and the Writ of Possession, which were both filed by the Circuit Court of the First Circuit (circuit court)[2] on September 11, 2006. During the pendency of this appeal, the Property was sold by Plaintiff-Appellee Bank One, National Association, as Trustee fka as The First National Bank of Chicago, as Trustee (Bank One), to third-parties. We hold that the sale of the Property to third-parties renders this appeal moot, and we therefore dismiss this appeal.

I.
On February 19, 1998, Appellants and Vicente Cabbab Cabuloy (collectively referred to as the "Defendants") obtained a loan from International Savings and Loan Association, Limited (ISLA). In consideration for the loan, Defendants executed a $248,200 promissory note (Note), which was secured by a mortgage (Mortgage) on the Property. On February 25, 1998, the Note and Mortgage were assigned to Bank One.
In May of 1999, Defendants defaulted on their loan. On January 11, 2000, Bank One filed a Complaint to Foreclose Mortgage. On June 13, 2000, Bank One filed a motion for summary judgment and for interlocutory decree of foreclosure (Motion for Summary Judgment). Defendants did not file a response to this motion. The circuit court set Bank One's Motion for Summary Judgment for a hearing on July 17, 2000 at 9:00 a.m. At 8:44 a.m. on July 17, 2000, just sixteen minutes before the hearing on the Motion for Summary Judgment, Vicente Cabuloy, S (Debtor)[3] filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Hawai`i (Bankruptcy Court). Debtor did not notify the circuit court of the filing of the bankruptcy petition.
The circuit court held the hearing on the Motion for Summary Judgment. Only Bank One appeared. The circuit court granted the Motion for Summary Judgment. On August 8, 2000, Bank One filed a Notice of Bankruptcy Petition, informing the circuit court that Debtor had filed a Chapter 7 bankruptcy proceeding (First Bankruptcy Proceeding). The First Bankruptcy Proceeding was dismissed on September 20, 2000, because Debtor had failed to file the required documents with the Bankruptcy Court.
On December 7, 2000, Bank One filed an ex parte motion to validate hearing granting Bank One's Motion for Summary Judgment (Motion to Validate). The circuit court granted the Motion to Validate and filed an "Order Validating the Hearing Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Against All Parties Filed 06/13/00."
On February 5, 2001, the circuit court filed a "Findings of Fact; Conclusions of Law; Order Granting [Bank One's] Motion for Summary Judgment Against [Defendants], and for Interlocutory Decree of Foreclosure" (Summary Judgment Order). A Judgment and a Notice of Entry of Judgment were filed on February 5, 2001.[4]
On June 26, 2001, Bank One filed a motion to sell the Property, which the circuit court granted on November 13, 2001. The public auction to sell the Property was scheduled to be held at noon on August 29, 2001. However, in the morning on August 29, 2001, Debtor filed a second Chapter 7 bankruptcy petition (Second Bankruptcy Proceeding). The Second Bankruptcy Proceeding was dismissed on September 18, 2001, and the Bankruptcy Court barred Debtor from filing another bankruptcy petition for 180 days.
On November 12, 2001, the auction was held and the property was sold to Bank One for $242,250. On January 25, 2002, the circuit court filed an "Order Confirming Sale, Distribution of Proceeds, Deficiency Judgment, and for Writ of Possession" (Order Confirming Sale), a Judgment based on the Order Confirming Sale, and a Writ of Possession.
Milagros Cabuloy Burcena filed a motion for reconsideration of the Order Confirming Sale. She argued that Bank One had failed to obtain an annulment of the First Bankruptcy Proceeding, and thus the hearing on the Motion for Summary Judgment violated the automatic stay in bankruptcy, which in turn rendered void the Summary Judgment Order. Milagros Cabuloy Burcena further argued that the order granting the Motion to Validate did not cure the violation of the automatic stay.
The motion for reconsideration was set for February 26, 2002. The parties agree that on that date, the circuit court orally stayed the execution of the Writ of Possession until further order of the court. No written order staying execution was entered. The circuit court did not rule on the motion for reconsideration.
On June 17, 2002, Gary Victor Dubin, Esq., filed a formal appearance as counsel for Defendants. On June 25, 2003, Bank One filed a renewed motion for summary judgment and for interlocutory decree of foreclosure (Renewed Motion for Summary Judgment). On July 8, 2003, Defendants filed a memorandum in opposition to the Renewed Motion for Summary Judgment. The circuit court did not take any action on the Renewed Motion for Summary Judgment.
On April 20, 2006, Bank One filed a motion with the Bankruptcy Court to reopen the First Bankruptcy Proceeding to annul the automatic stay. On June 5, 2006, the Bankruptcy Court granted this motion and annulled the automatic stay as to Bank One so that the automatic stay "shall have no effect" on Bank One's actions with respect to the Property.
On July 28, 2006, Bank One filed a motion in the circuit court seeking to vacate any existing stay of execution and for re-issuance of the writ of possession (Motion to Vacate Stay). Bank One attached as exhibits to this motion the Bankruptcy Court's order re-opening the First Bankruptcy Proceeding and its order annulling the automatic stay in the First Bankruptcy Proceeding. Appellants opposed the Motion to Vacate Stay.
On September 11, 2006, the circuit court filed its Order Vacating Stay and it re-issued the Writ of Possession. In the Order Vacating Stay, the circuit court determined that "no order staying execution has been entered," and it granted Bank One's Motion to Vacate Stay "to the extent that a Writ of Possession will issue forthwith." On October 11, 2006, Appellants filed a notice of appeal from the Order Vacating Stay and the Writ of Possession.
Appellants also appealed the Bankruptcy Court's order granting Bank One's motion to annul the automatic stay in the First Bankruptcy Proceeding to the United State District Court for the District of Hawai`i (U.S. District Court). Burcena v. Bank One, Civ. No. CV-06-00422 HG-KSC, 2007 WL 2915621, at *1 (D. Hawai`i Oct. 1, 2007). Appellants, however, failed to obtain a stay of the annulment order pending that appeal. Id. at *12. Appellants also did not obtain a stay pending appeal to this court of the circuit court's Order Vacating Stay or the Writ of Possession issued by the circuit court. Thus, Bank One was allowed to take possession of the Property and to sell it to third-parties. On March 6, 2007, the Property was sold to Elizabeth Cabbab Cabuloy, Nelson Ramos Delos Santos, Susan Cabuloy Delos Santos, Dominador Cabbab Cabuloy, and Diango Cabbab Cabuloy.[5]

II.
We conclude that the sale of the Property to the third-parties makes it impossible for this court to provide Appellants with effective relief, which in turn renders this appeal moot.
The United States Supreme Court has stated that when "an event occurs which renders it impossible for [an appellate] court, if it should decide the case in favor of the [appellant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293, 294 (1895). As succinctly put by another court, "[a] case is moot if the reviewing court can no longer grant effective relief." United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983).
City Bank v. Saje Ventures II, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988). Bank One no longer owns the Property and therefore the Property cannot be returned to Appellants. Accordingly, we dismiss the appeal as moot.
In City Bank, id. at 132, 748 P.2d at 814, we held that the defendants' failure to stay the effect of an order confirming a foreclosure sale of property to a third-party, which apparently was a good faith purchaser, rendered moot the defendants' appeal from the order confirming the sale. In support of our decision, we cited the general rule that "the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed." Id. at 133, 748 P.2d at 814 (internal quotation marks and brackets omitted). We noted, however, that there is an exception to this general rule where the reversal of the order ratifying the sale is based on jurisdictional grounds. Id.
Appellants contend that this exception applies to their case. Appellants argue that this appeal is not moot and the Order Vacating Stay and the Writ of Possession should be vacated and the matter remanded because: (1) the circuit court lacked jurisdiction to grant the Motion for Summary Judgment due to the automatic stay; (2) the circuit court lacked jurisdiction because Defendants rescinded the Mortgage under the Federal Truth in Lending Act (TILA); and (3) the circuit court lacked jurisdiction because the mortgage broker was not licensed. We disagree.

A. The Automatic Stay
The automatic stay was annulled by the Bankruptcy Court. On appeal, the U.S. District Court held that the Bankruptcy Court had not abused its discretion when it re-opened the case and annulled the automatic stay. Burcena, 2007 WL 2915621, at *11. The U.S. District Court also held that the appeal from the Bankruptcy Court's order annulling the automatic stay was rendered moot by the sale of the Property to thirdparties. Id. at *11-12.

B. TILA
Defendants failed to raise the TILA issues in a timely manner. Appellants rely on Hawaii Comty. Fed. Credit Union v. Keka (hereinafter, "HCFCU"), 94 Hawai`i 213, 11 P.3d 1 (2000), but that case is distinguishable. Unlike the present case, the defendant in HCFCU timely asserted that the plaintiff had violated the TILA in opposing the plaintiff's motion for summary judgment to foreclose on a mortgage, and the defendant appealed from the judgment entered pursuant to the circuit court's order granting that motion for summary judgment. Id. at 216-21, 11 P.3d at 4-9. On defendant's appeal, the Hawai`i Supreme Court addressed the TILA issues. Id. at 223-26, 11 P.3d at 11-14.
In the present case, the TILA issues were not raised by Defendants in response to Bank One's original Motion for Summary Judgment, but were only raised for the first time in Defendants' memorandum in opposition to Bank One's Renewed Motion for Summary Judgment. However, the circuit court did not rule on the Renewed Motion for Summary Judgment, and the Summary Judgment Order (granting the original Motion for Summary Judgment), the Order Confirming Sale, and the Judgment based on the Order Confirming Sale had already been entered before the Renewed Motion for Summary Judgment was filed. Accordingly, the TILA issues cannot be used to challenge the circuit court's grant of the original Motion for Summary Judgment. See Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 433-34, 16 P.3d 827, 838-39 (App. 2000).
Even if the TILA issues had been raised in a timely manner, a ruling that the TILA had been violated would not have deprived the circuit court of jurisdiction over the foreclosure action. Id. at 434, 16 P.3d at 839. A determination under the TILA that the Note and Mortgage were void would not oust personal or subject matter jurisdiction from the circuit court. Id.

C. Mortgage Broker Licensing
Appellants do not explain how the mortgage broker licensing issue deprived the circuit court of jurisdiction over the foreclosure. It appears that the question of whether the mortgage broker had a license is of no significance in the foreclosure proceedings.
The fact that a mortgage broker is unlicensed does not create a right to rescind a contract that is not between the borrower and the mortgage broker. Hawaii Revised Statutes (HRS) § 454-8 (1993) states in relevant part: "Any contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable." In City Bank v. Abad, 106 Hawai'i 406, 105 P.3d 1212 (App. 2005), this court interpreted HRS 454-8 to cover only contracts signed by the unlicensed mortgage broker:
Finance Factors responds that
the penalty set forth in HRS § 454-8 does not offer any relief to Appellants because the Mortgage (which is the contract that Appellants are attempting to void) was entered into by Appellants and Finance Factors, and not by the mortgage broker. Therefore, even if the mortgage broker or solicitor who participated in the loan transaction with Appellants was unlicensed, this would not void the Mortgage. HRS § 454-8 does not in any manner provide any right for the Appellants to set aside a contract that is not between the unlicensed broker and Appellants. Cf. Beneficial Hawaii, 96 Hawai`i at 313, 30 P.3d at 918 (invalidating mortgage contracts where the unlicensed mortgage broker was a party to such contracts).
We agree with Finance Factors.
Id. at 412, 105 P.3d at 1218. Appellants do not point to any evidence that the mortgage broker was a party to the Mortgage in the present case.

III.
IT IS HEREBY ORDERED that Appellants' appeal is dismissed as moot.
NOTES
[1] We note that Vicente Cabbab Cabuloy (as distinguished from Vicente Cabbab Cabuloy, Jr.) was also named as a defendant in the foreclosure complaint. Both parties acknowledge in their briefs that Vicente Cabbab Cabuloy died before the entry of the order and writ being appealed, and the notice of appeal did not include Vicente Cabbab Cabuloy as among the defendants pursuing the appeal. Thus, Vicente Cabbab Cabuloy is not an appellant in this appeal. A motion for substitution of parties was not filed in the Circuit Court of the First Circuit (circuit court). The case caption of the "Record on Appeal" submitted by the Clerk of the circuit court, as well as the caption used by the parties for their briefs, includes Vicente Cabbab Cabuloy as among the Defendants-Appellants. We have amended the case caption so that Vincente Cababb Cabuloy is not identified as a Defendant-Appellant, but is identified as a Defendant-Appellee pursuant to Hawaii Rules of Appellate Procedure (HRAP) Rule 3(d) (2008) ("The party appealing shall be denominated the appellant . . . . All other parties shall be denominated appellees . . . .").
[2] The Honorable Karen N. Blondin presided.
[3] The person who filed for bankruptcy was Defendant Vicente Cabbab Cabuloy as distinguished from Defendant Vicente Cabbab Cabuloy, Jr.
[4] Milagros Burcena filed a notice of appeal from the Judgment on March 7, 2001. On March 27, 2001, Bank One notified the circuit court that Milagros Burcena had filed a Chapter 7 bankruptcy petition (Burcena Bankruptcy Petition). On April 9, 2001, the Burcena Bankruptcy Petition was dismissed. On September 25, 2001, the Hawai`i Supreme Court dismissed Milagros Burcena's appeal based on her failure to file a statement of jurisdiction or opening brief.
[5] The sale to the third-parties was noted in Burcena v. Bank One, Civ. No. CV-06-00422 HG-KSC, 2007 WL 2915621, at *4 n.5 (D. Hawai`i Oct. 1, 2007). The court referred to the third-party purchasers as "possibly related" to Appellants. Id. at *12. We also take judicial notice of the Limited Warranty Deed, dated March 6, 2007, and recorded in the Bureau of Conveyances of the State of Hawai`i on March 12, 2007, which reflects Bank One's conveyance of the Property to the third-parties.